Arnold W. **HILGEFORD** and Martha A. Hilgeford, Plaintiffs,

v.

The **PEOPLES BANK, PORTLAND, INDIANA,** Defendant.

Civ. No. F 85–154.

United States District Court, N.D. Indiana, Fort Wayne Division.

April 19, 1985.

---

Arnold W. Hilgeford and Martha A. Hilgeford, pro se.

Robert E. Grant, Shoaff, Parker & Keegan, Fort Wayne, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on its *sua sponte* analysis of the complaint filed in this cause. For the following reasons, this cause will be dismissed on the court's own motion.

Plaintiffs are proceeding *pro se*. *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir. 1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the plaintiffs' are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

This is the second action filed by plaintiffs against this defendant within the last two weeks. The first action, *Hilgeford v. The Peoples Bank,* No. F 85–142, was dismissed by this court for lack of jurisdiction in an order dated April 11, 1985. This court ruled in that order that the basis of jurisdiction preffered in the complaint failed to allege any federal question, and that diversity jurisdiction failed because both the plaintiffs and the defendant are citizens of Indiana. With knowledge of the court's April 11, 1985 ruling, plaintiffs filed this cause, which is nearly identical to the first cause, except that the plaintiffs have made reference to federal constitutional and statutory provisions in an apparent attempt to bolster jurisdiction.

The essence of both No. F 85–142 and this cause is that plaintiffs seek to quiet title to certain real property located in Portland, Indiana. The plaintiffs claim superior title to the property by virtue of a

"Land Patent" which they drafted and signed themselves and recorded with the Recorder of Deeds in Jay County, Indiana. The defendant bank had apparently made a loan to the plaintiffs, and secured the loan via a mortgage on the property. The bank filed a foreclosure action, and on April 10, 1985, had the plaintiffs evicted from the property. Plaintiffs seek to have the title to the property and the interests of the parties determined in this court, and the defendant bank enjoined from asserting any rights in the land.

■ The alleged bases for jurisdiction are article IV, section 3, clause 2 of the United States Constitution, and an Act of Congress of April 24, 1820, 3 Stat. 566. Article IV, § 3, cl. 2 gives Congress the power to "dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States ...," and the Act of Congress of April 24, 1820 was the statute enacted by which the government apparatus for disposing of public lands via issuance of land patents was created. However, neither of these provisions are implicated here. These provisions, and the current statutory machinery for land patents set out at 43 U.S.C. § 1, *et seq.*, are for land patents to *public lands* of the United States. These provisions allow the United States to grant title to public land to private individuals, thereby creating private title in the patent holder, and extinguishing title in the United States. The "patent" involved here is not a grant by the United States; it is a grant by the plaintiffs. The "patent" here is not a grant to some other holder so as to pass title on to another party; it is a self-serving document whereby the plaintiffs grant the patent to themselves. This "patent" does not involve or concern "public land;" it relates to plaintiffs' private property. The court cannot conceive how these federal provisions are implicated here, and thus federal question jurisdiction is absent.

■ Of course, the purported "land patent" in this case fails for reasons independent of jurisdiction. As was noted before,

the "land patent" attached to plaintiffs' various filings is a grant of a land patent from the plaintiffs to the plaintiffs. It is, quite simply, an attempt to improve title by saying it is better. The court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get "superior" title to land by simply filling out a document granting himself a "land patent" and then filing it with the recorder of deeds. Such self-serving, gratuitous activity *does not, cannot* and *will not* be sufficient by itself to create good title.

The blatant insufficiency of the "patent" is evident when it is compared to the copy of a land patent attached to the plaintiffs' "Motion Barring Action of Ejectment." That copy, which is apparently of the original land patent for part of the property which is the subject matter of this cause, bears the signature of the President of the United States by his appointed Secretary of the Interior. It is clearly a grant from the United States to a private citizen (one Reuben Montgomery). Plaintiffs' "land patent" is obviously insufficient when compared to this valid patent.

Finally, the court acknowledges the plaintiffs' fifty-one page "Memorandum of Law," which sets out a lengthy history of land ownership principles in England and the United States. This Memorandum is irrelevant to the issues raised by this suit. The plaintiffs apparently granted the defendant bank a right in the property by mortgaging the property, and gave the bank the contractual right to foreclose on the property in case of default. The filing of the purported "land patent," and then the filing of these two lawsuits to quiet title, after the creation of the bank's mortgage interests, smacks of bad faith attempts to interfere with the defendant's contractual and property rights.

Because this cause constitutes the third quiet title suit filed in this court within the past month on the basis of a most identical self-serving land patents (two of which were filed by these same plaintiffs), the court fears that other such suits will be

filed unless a signal is sent that this court will not tolerate such obviously frivolous suits based upon documents which on their very face are legal nullities.

Rule 11 of the Federal Rules of Civil Procedure governs the signing of pleadings and motions, and requires that each pleading or motion be signed by an attorney or the party (if the party is proceeding *pro se*). The rule then provides:

> The signature of an attorney or party constitutes a certificate by him that he had read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harrass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading violates this rule, the court "shall impose" an "appropriate sanction," which may include the amount of reasonable expenses and attorney's fees incurred by the other party because of the filing of the pleading or motion.

■ The notes of the Advisory Committee on the Federal Rules make it clear that Rule 11's provisions are designed to "discourage dilatory or abusive tactics and [to] help streamline the litigation process by lessening frivolous claims or defenses." The rule applies to anyone who signs a pleading, motion, or other paper, and the same standards apply to *pro se* litigants, although the concerns of *Haines v. Kerner* can be taken into account.

■ The core of Rule 11 is that the signature on the pleading certifies that "to the best of his knowledge, information and belief *formed after reasonable inquiry* it [the pleading, motion, or paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ..." (emphasis added). What is important to note is that this language requires more than just a belief that the law is or should be a certain way; as the Advisory Committee states, "what constitutes a reasonable inquiry may depend on ... whether the pleading, motion, or other paper was based on a plausible view of the law," and is thus a "more stringent" standard than good faith.

■ This cause falls squarely within the parameters of the type of frivolous claims that Rule 11 allows courts to issue sanctions for. It is based upon a purported land patent which indicates *on its face* that it is a self-serving document, drafted by the plaintiffs to grant themselves title to land, and which does not invoke any federal law or constitutional provision precisely because it is a blatant attempt by private landowners to improve title by personal fiat. Such lawsuits constitute a gross waste of precious judicial resources, for this court is forced to deal with patently frivolous lawsuits instead of addressing those suits on its docket which have merit and deserve close judicial scrutiny.

Rule 11 gives this court power to issue fines as sanctions for filing frivolous lawsuits, and this court has used that power before without hesitation. *See Snyder v. IRS*, 596 F.Supp. 240 (N.D.Ind.1984); *Young v. IRS*, 596 F.Supp. 141 (N.D.Ind. 1984). This case's frivolity demands the imposition of a fine as a Rule 11 sanction. The court finds that a $250.00 fine is an appropriate sanction here. Further this order stands as public notice to all future litigants who may seek to file lawsuits based on the same type of self-serving, invalid "land patent:" this court will issue Rule 11 sanctions for such lawsuits. This court stands ready to adjudicate any federal question arising out of a valid federal land patent which has been signed by the Secretary of the Interior (43 U.S.C. § 15) and involves a grant of title to public lands. However, this court will not countenance suits based upon self-serving documents and pet theories about land ownership such as this one.

For the reasons stated above, this action is hereby DISMISSED for lack of jurisdic-

**540**

tion pursuant to Federal Rules Civil Procedure 12(h)(3). Plaintiffs are hereby ORDERED to pay $250.00 to the Clerk of this court as a sanction for filing this lawsuit.