Carolyn HEARLD, Individually and as Next Friend For Sonya Hearld

v.

**BARNES AND SPECTRUM EMERGENCY CARE.**

**Civ. A. No. M–84–99–CA.**

United States District Court, E.D. Texas, Marshall Division.

June 21, 1985.

Michael P. Patterson, Grainger, Patterson, Howard and Colley, Tyler, Tex., for plaintiffs.

Robert A. Gwinn, B. Michael Bennett, Johnson, Bromberg & Leeds, Dallas, Tex., for defendant.

## ORDER

ROBERT M. PARKER, District Judge.

Comes now the Court, sua sponte, and enters this Order, imposing sanctions on Plaintiffs' counsel, Mr. Michael P. Patterson, in the above styled and numbered cause.

### I. *Factual Background*

On July 27, 1984, Plaintiff Carolyn Hearld, individually and as next friend for Sonya Hearld, by and through her attorney, Michael P. Patterson of Tyler, Texas, filed her original complaint with this Court.

Plaintiffs allege that the negligent treatment by Defendant Charles Barnes, M.D., acting within his scope of employment with Defendant Spectrum Emergency Care was the direct and proximate cause of the death of her husband, Albert Ray Hearld.

The Plaintiffs invoked this Court's jurisdiction on the basis of 28 U.S.C. 1332, Diversity of Citizenship. Plaintiffs, Carolyn Hearld and Sonya Hearld, are Texas residents. Defendant Charles Barnes is an individual physician residing in Shreveport,

Louisiana. Defendant Spectrum Emergency Care is a Missouri corporation, licensed and doing business in the state of Texas. Plaintiffs' substantive claims are based on the Texas Wrongful Death Statute, Tex. Rev.Civ.Stat.Am. Art. 4671, et seq. Defendants filed their answer on September 6, 1984.

On February 19, 1985, Defendants filed a Motion to Dismiss or, in the alternative, to compel joinder of an additional party plaintiff. The Defendants based their motion on Plaintiffs' failure to join the decedent's minor children, Latoya Hearld and Timothy Shane Hearld, from a previous marriage. Defendants contend that under Texas law, every beneficiary provided for by the Texas Wrongful Death Statute must be a party to an action based on the statute, or the action must be dismissed. Thus, Defendants reasoned decedent's children born to him out of his marriage with Gloria Blackmon must be joined or Plaintiffs' cause of action must be dismissed.

This issue was raised by Defendants at the pre trial conference held in open Court on March 26, 1985. At that time, Plaintiffs' counsel stated that the Plaintiff was attempting to secure a waiver from Ms. Gloria Blackmon, waiving the interests of her minor children by the decedent in the pending lawsuit. The Court granted Plaintiffs additional time to either secure Ms. Gloria Blackmon's waiver or to join the children.

On March 29, 1985, Plaintiff Carolyn Hearld, through her attorney, filed a response to Defendants' Motion to Dismiss or Compel Joinder (hereinafter cited as Plaintiffs' March 29 response). In this response, Plaintiffs represented that Ms. Gloria Blackmon "has signed a disclaimer disclaiming any right, title and interest that ... [the minor children] may have in this cause of action." Attached to Plaintiffs' response and incorporated therein was the disclaimer of Gloria Blackmon. The disclaimer was signed by Ms. Gloria Blackmon and notarized. In it, Ms. Gloria Blackmon quitclaimed to Carolyn Hearld and Sonya Hearld, on behalf of her minor children,

Latoya Hearld and Timothy Shane Hearld, all right, title, and interest in all claims that they may have arising out of the incidents made the basis of the lawsuit pending in this Court. According to the terms of the disclaimer, "neither the said Latoya Hearld and Timothy Shane Hearld, minors, nor any person or persons claiming under ... [them] shall, at any time hereafter, have, claim and demand any right or title as a result of the aforesaid medical treatment of Albert Ray Hearld."

On April 2, 1985, Defendants noticed Ms. Gloria Blackmon for deposition. Ms. Gloria Blackmon's deposition was taken on April 12, 1985. Defendants filed with the Court on April 15, 1985, their reply to Plaintiffs' Response to Defendants' Motion to Dismiss or, in the alternative, to Compel Joinder of Additional Party Plaintiffs. In this brief, Defendants contended that Ms. Gloria Blackmon's disclaimer was ineffective to release her children's claims under the Texas Wrongful Death Statute. Defendants further contended that the disclaimer of Ms. Gloria Blackmon was a blatant attempt by the Plaintiff to preserve this Court's diversity jurisdiction. This, according to Defendants, is prohibited by 28 U.S.C. 1359. This statute provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made a joinder to invoke jurisdiction of such Court." If Latoya Hearld and Timothy Shane Hearld were joined as party plaintiffs, their presence in the suit would destroy complete diversity. The children of the former marriage and Defendant, Dr. Charles Barnes, reside in Louisiana.

Defendants filed a supplemental brief in April 17, 1985, (hereinafter cited as Defendants' April 17 brief) in support of its April 15 reply. In it, Defendants pointed out to this Court that Ms. Blackmon executed the "Disclaimer" filed by Plaintiffs pursuant to an agreement between Ms. Blackmon's attorney (S.P. Davis) and Plaintiff's attorney (Mr. Michael P. Patterson). According to the terms of this agreement, Ms. Blackmon retained, on behalf of her minor children, a

twenty-seven and one-half (27.5%) percent of any recovery awarded to Plaintiffs in this lawsuit as consideration for having signed the Disclaimer. In light of this retention, Defendants reasserted their contention that the disclaimer was ineffective to release, disclaim or discharge any rights on behalf of the two minor plaintiffs.

Defendants further contend that the Disclaimer was a result of collusive and improper action on the part of Plaintiff to preserve this Court's diversity jurisdiction where none existed. Again Defendants contend that Plaintiffs' actions have deprived this Court of jurisdiction pursuant to 28 U.S.C. 1359. (Defendants' April 17 brief, 3–5.)

The Court, after examining the pleadings and briefs on file, became concerned with the apparent inconsistencies between the Disclaimer filed with the Court on March 29 and the facts regarding Ms. Gloria Blackmon's retention of a twenty-seven and one-half (27.5%) percent on behalf of the children in the outcome of the pending lawsuit as contained in Defendants' April 17 brief. The "Disclaimer" on its face stated that Plaintiff's minor children, through their mother, had disclaimed any interest or right in the pending lawsuit, while Ms. Gloria Blackmon's deposition testimony, as highlighted by Defendants, indicated that she had indeed retained an interest in the lawsuit.

This concern prompted this Court to hold a hearing on the matter on May 13, 1985.

Following the May 13 hearing, counsel for Plaintiffs, Mr. Michael P. Patterson contacted the Court and requested an additional opportunity to be heard. The Court granted his request and counsel was given an additional opportunity to be heard by the Court on May 14, 1985.

II. *Existence of a Rule 11 Violation*

The Court has intentionally delayed making a decision regarding whether this case involves a violation of Rule 11 and, if so, what sanctions should be imposed. The Court admits to a measure of reluctance in coming to grip with the questions raised by Plaintiffs' counsel's conduct. Mr. Patter-

son is well known to the Court. He has appeared in numerous matters at both trial and pre trial levels and has, to date, comported himself with the highest standards of the legal profession from both a competency and ethical standpoint. Further, Plaintiffs' lawfirm enjoys the highest regard of this Court.

The Court initially was concerned with whether or not Mr. Patterson has perpetrated a fraud on the Court by representing to the Court that the minors involved had no financial interest in the outcome of this litigation when, in fact, they had retained a twenty-seven and one-half (27.5%) percent interest. The transcript reflects that the Court put this question to Plaintiffs' counsel. In response to the Court's question, Mr. Patterson asserted that he had not intended to commit fraud and that if he is guilty of anything, it is only bad judgment and that he would never purposely commit a fraud on the Court. In essence, Mr. Patterson asserts a subjective good faith defense.

■ The Court's research persuades it that it is not necessary that the Court find the existence of bad faith or the perpetration of a fraud on the Court. *See, e.g., Eastway Construction Corp. v. City of N.Y., et al.,* 762 F.2d 243 (2nd Cir.1985) ("Simply put, subjective good faith no longer provides the safe harbor it once did.") The Court, therefore, elects not to address those issues.

■ Regardless of the angle chosen by the Court to examine the conduct of Plaintiffs' counsel, this Court comes face to face with the inescapable conclusion that Plaintiffs' March 29 Response was filed for an improper purpose in violation of Rule 11. The improper purpose was the creation of the appearance of diversity jurisdiction created by a "Disclaimer" designed to avoid naming nondiverse persons party-plaintiff while permitting them to have a continued interest in the outcome of the pending litigation. Plaintiffs' attempt to avoid the clear requirement of complete diversity cannot be tolerated by this, or any other

federal court. The federal court system was manipulated for ends inimicable to those for which it was created. The minimum standards of this noble profession were not maintained but were subverted for improper purpose.

■ Given a finding of a violation of Rule 11, a sanction is mandated. *See Eastway Construction Corp., supra, McLaughlin v. Western Casualty and Surety Company*, 105 F.R.D. 624 (S.D.Ala. 1985), and *Hilgeford v. The Peoples Bank, Portland, Indiana*, 607 F.Supp. 536 (N.D. Indiana 1985). Rule 11 gives this Court power to issue fines as sanctions for its violation, *see, e.g. Hilgeford, supra*, provided the due process requirements of notice and hearing are satisfied. *Lepucki v. Van Wormer, et al*, 765 F.2d 86 (7th Cir.1985). The court concludes that the hearings held on May 13 and 14 were sufficient to satisfy due process requirements. *See Lepucki, supra*.

The Court finds and concludes that an appropriate sanction in this case is a fine of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS. IT IS, THEREFORE,

ORDERED that within ten (10) days from the date of this Order Plaintiffs' counsel, Mr. Michael P. Patterson, pay the sum of $5,000.00, as a fine to the District Clerk of the Eastern District of Texas.

In the event counsel wishes to appeal the Court's Order, the Court will consider a stay of the imposition of the fine pending appeal.