**Ronnie L.R. NIXON, Plaintiff,**

v.

**The INDIVIDUAL HEAD OF ST. JOSEPH MORTGAGE CO., INC., et al., Defendants.**

Civ. No. S 85-202.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

June 26, 1985.

Ronnie L.R. Nixon, pro se.

Mark J. Phillipoff, Jones, Obenchain, Johnson, Ford, Pankow & Lewis, South Bend, Ind., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the court's own *sua sponte* analysis of this cause. For the following reasons, this cause will be dismissed on the court's own motion.[1]

Plaintiff is proceeding *pro se*. *Pro se* pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the plaintiff's are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

This is an action for a declaratory judgment and a preliminary injunction based upon an alleged "land patent." According to the amended complaint filed in this cause, plaintiff is a defendant in a mortgage foreclosure action in the LaPorte Superior Court in LaPorte County, Indiana. Plaintiff moved to dismiss that foreclosure action on the basis of a "land patent" which he drafted, executed, and recorded in the County Recorder of Deeds Office. Plaintiff filed this action to have this court declare his rights under the "land patent."

■ This case bears more than a passing resemblance to another case recently decided by this court. In *Hilgeford v. Peoples Bank, Portland, Indiana*, 607 F.Supp. 536 (N.D.Ind.1985), this court dismissed *sua sponte* a case based upon an alleged "land patent" drafted by the plaintiffs. The land patent in the *Hilgeford* case and the land patent in this case are *identical* in every aspect except for the names and property description contained in each. In *Hilgeford*, this court held that an action based upon a land patent drafted by a party in order to give that party rights within property is a legal nullity. The patent cannot support federal jurisdiction because it is a patently obvious attempt to create superior title in land through personal fiat. Any *pro se* litigant who can read or write knows that one cannot give oneself better title to land by simply saying so on a piece of paper. As this court said in *Hilgeford*, "the court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get 'superior' title to land by simply filling out a document granting himself a 'land patent' and then filing it with the Recorder of Deeds. Such self-serving, gratuitous activity *does not, cannot* and *will not* be sufficient by itself to create good title." 607 F.Supp. at 538. It is therefore obvious that this case must fail because the basis of the

---

1. Defendant Martin filed a motion to dismiss while this order was nearly completed. It plays no significant role here.

case—the "land patent"—cannot provide an adequate legal basis upon which plaintiff can claim any interest in the mortgaged property.

■ Even if the purported "land patent" in this case could somehow be considered sufficient to pass muster as a land patent under the statutes setting forth the statutory machinery for federal land patents, 43 U.S.C. § 1, *et seq.*, the existence of this land patent would not be sufficient to create federal jurisdiction in this court. Case law clearly establishes that controversies about land do not present federal questions or federal question jurisdiction, even when one of the parties derived his title through an act of Congress. *See State of Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir.), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1388 (1983). As the Supreme Court itself has said:

> A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon which the determination of the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.

*Shulthis v. McDougal*, 225 U.S. 561, 569–70, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912). Plaintiff here attempts to argue that his patent falls under the federal laws concerning land patents issued by the United States, and that his rights arise out of the original patentee to the land, one George Pearson Buell, who received the original land patent in March, 1837. However, neither plaintiff's present land patent nor the original land patent can give rise to federal jurisdiction over this cause.

■ Finally, this court does not have the power to enjoin the state court mortgage foreclosure proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the granting of injunctions to stay state court proceedings, including mortgage foreclosure actions. *Ungar v. Mandell*, 471 F.2d 1163 (2d Cir.1972); *First National Bank & Trust Co. of Racine v. Village of Skokie*, 173 F.2d 1 (7th Cir.1949).

Thus, this court is without jurisdiction to hear this cause, and lacks the power to order the injunctive relief sought. The case will therefore be dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

■ In *Hilgeford*, this court made clear that the sanction provisions of Rule 11 of the Federal Rules of Civil Procedure apply with full force and effect to frivolous claims under a purported "land patent" such as the plaintiff's. A "land patent" suit such as this falls squarely within the parameters of the type of frivolous claims that Rule 11 is designed to deter because "it is based upon a purported land patent which indicates *on its face* that it is a self-serving document, drafted by the plaintiffs to grant themselves title to land, and which do not invoke any federal law or constitutional provision precisely because it is a blatant attempt by private land owners to improve title by personal fiat." 607 F.Supp. at 539. Because such a land patent suit is a waste of precious judicial resources, this court specifically stated in *Hilgeford* that the *Hilgeford* order would stand as public notice to all future litigants that this court will issue Rule 11 sanctions for such frivolous lawsuits. Plaintiff in this cause received a copy of the *Hilgeford* opinion, and was specifically alerted to the possibility of Rule 11 sanctions by the court during a telephone conference held May 15, 1985. In blatant disregard of such notice, the plaintiff has persisted in this litigation despite its obvious lack of merit, including the filing of a motion for an emergency injunction and a request for oral argument. This type of activity in the face of clear warnings justifies the imposition of sanctions in this case.

**256**

The attorneys for the three named defendants have worked diligently to defend against this frivolous suit. They filed five motions. They travelled from South Bend, Indiana and Indianapolis, Indiana to attend a status conference in Fort Wayne, Indiana, a conference which the plaintiff did not attend because of the expense involved. In short, defendants' counsel have spent a significant amount of time and money in order to defend a case which should never have been filed. The court therefore finds that an appropriate Rule 11 sanction is the award to the defendants of attorney's fees of Two Hundred Fifty Dollars ($250.00) for each of the two attorneys involved in defending this case.

■ The court wishes to reiterate its warning in *Hilgeford* that the filing of lawsuits based upon land patents which purport to grant a land patent unto one's self will draw immediate and severe sanctions from this court. The identical language of the "land patent" in this case and in the *Hilgeford* case suggest to this court that some party is responsible for the broad dissemination of the obviously false and frivolous legal concepts which have led to this suit and the suit in *Hilgeford*. If in fact someone has provided the plaintiff here with these spurious materials and arguments, the court notes that the plaintiff would have a solid claim for damages in the amount of the sanctions issued here for the misrepresentations which resulted in this frivolous lawsuit. The judicial waste occasioned by the continuous dissemination of these incorrect legal concepts will continue to draw the swift response of this court. The court hopes that this clear signal will discourage others from following such false prophets.

For the reasons stated above, the defendants' motion to dismiss is hereby GRANTED, and this cause dismissed in its entirety. Plaintiff is hereby ORDERED to pay Two Hundred Fifty Dollars ($250.00) each to defendants St. Joseph Mortgage Company and Donald D. Martin for attorney's fees incurred in this case as a sanction for filing this lawsuit.