**Ronnie L.R. NIXON, Plaintiff,**

v.

**Sheriff Jan D. ROSE, Defendant.**

**No. S 85–403.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 16, 1985.

Ronnie L.R. Nixon, pro se.

Larry L. Ambler, South Bend, Ind., William J. Boklund, LaPorte, Ind., for defendant.

### MEMORANDUM AND ORDER

ALAN SHARP, Chief Judge.

Plaintiff, Ronnie L.R. Nixon (Nixon), filed his complaint *pro se* in this case pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 for alleged violations of his civil rights as guaranteed by the Constitution of the United States and the Constitution of the State of Indiana. The defendant, Sheriff Jan D. Rose (Sheriff Rose), filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff was given the appropriate notice pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982) and filed some 97 pages in response, including briefs, affidavits, memoranda and exhibits. When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss will be converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.Proc. 12(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment serves as a vehicle with which the court "can determine whether further exploration of the facts is necessary." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975).

In making this determination, the court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all inferences from the established or asserted facts in favor of the non-moving party. *Peoples Outfitting Co. v. General Electric Credit Corp.*, 549 F.2d 42 (7th Cir.1977). The non-moving party's reasonable allegations are to be accepted as true for purposes of summary judgment. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1218–19 (7th Cir.1984). A party may not rest on the mere allegations of the pleadings or the bare contention that an issue of fact exists. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464

U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Atchison, Topeka & Santa Fe Railway Co. v. United Transportation Union,* 734 F.2d 317 (7th Cir.1984); *Korf v. Ball State University,* 726 F.2d 1222 (7th Cir.1983). *See generally* C. Wright, *Law of Federal Courts,* § 99 (4th ed. 1983); 6 Moore's Federal Practice, § 56.15 (2d ed. 1984). Further the plaintiff in this case is proceeding *pro se* so all pleadings filed by him must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982). However, the "heavy costs of modern federal litigation ... counsel against launching the parties into pretrial discovery if there is no reasonable prospect that the plaintiff can make out a cause of action from the events narrated in the complaint." *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir.1984).

The plaintiff's factual allegations are basically as follows. On June 12, 1985, the defendant, as Sheriff of LaPorte County, Indiana, held a "Sheriff's Sale" for property commonly known as 412 Pleasant Avenue, Michigan City, Indiana pursuant to a court order issued by Judge Donald D. Martin. There were only two bidders present at said sale, plaintiff and St. Joseph Mortgage Company, Inc. (St. Joe). Plaintiff bid one silver dollar and St. Joe bid the sum of $20,900.00. The defendant rejected plaintiff's bid and accepted the bid of St. Joe which plaintiff alleges was "incorporated in the form of a check payable in private bank notes which were created as book entries." Based on these facts, plaintiff alleges that the defendant violated his oath to support and defend the Constitution of the United States, committed treason, sedition, perjury, "subordination" of perjury and violated various provisions of the Constitution of the United States, Constitution of the State of Indiana, statutes of the United States, the Declaration of Independence, "Declaration of Rights" and the Magna Carta by denying him a "sound money system."

■ Reduced to its bare essentials, plaintiff's basic claim is that a bank check and Federal Reserve Notes are not legal tender in payment of a debt and that Sheriff Rose therefore acted improperly in accepting St. Joe's bid. This claim is absolutely without merit. *See Nixon v. Phillipoff,* 615 F.Supp. 890, 893–94 (N.D.Ind.1985). Plaintiff also claims that the order for the Sheriff's sale issued by Judge Donald D. Martin was illegal because he was a party to the action and therefore didn't have jurisdiction and that Judge Martin violated his rights to a jury trial in the underlying foreclosure action. These claims are also without merit, having already been determined to be so in an earlier case involving this plaintiff and said Judge. *Id.* at 894–95. Accordingly, defendant's motion to dismiss will be granted.

■ Further, the court on its own initiative finds that this case presents proper circumstances for the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. This case is one in a series of cases filed by this plaintiff against various defendants involving the property commonly known as 412 Pleasant Avenue, Michigan City, Indiana which was purchased by plaintiff and eventually sold at a Sheriff's Sale. All of these cases have presented the same basic issues and all have been decided adversely to plaintiff. *Nixon v. Individual Head of St. Joseph Mortgage Co.,* 615 F.Supp. 898 (N.D.Ind. 1985); *Nixon v. Phillipoff,* 615 F.Supp. 890 (N.D.Ind.1985); *Nixon v. The Individual Head of St. Joseph Mortgage Co.,* 612 F.Supp. 253 (N.D.Ind.1985). The bad faith of plaintiff Ronnie L.R. Nixon in filing this case could not be more clear. In *Nixon v. Phillipoff, supra,* the court stated:

This opinion stands as public notice that this court will not tolerate baseless

claims about the currency system or about the recognition of legal tender. 615 F.Supp. 897. In total and complete disregard of this warning, Nixon continued to pursue this case on that very issue filing some 97 pages of briefs, affidavits, memoranda and exhibits in opposition to defendant's motion to dismiss. Further, Nixon filed several discovery requests in this case, including two requests for admissions and one set of interrogatories and one motion to produce directed at defendant. Defendant answered the first request for admissions and a stay was imposed, upon defendant's request, from having to respond to the remaining discovery requests until the ruling on defendant's motion to dismiss. A very conservative estimate of the fees incurred by defendant in dealing with this lawsuit is five hundred dollars ($500.00). The court will therefore award such an amount to defendant under Rule 11.

■ Further, this suit has required a significant expenditure of judicial resources in order to deal with the absolutely groundless and frivolous claim asserted in this case. The plaintiff in this case *knew* that this claim was frivolous and proceeded anyway. The Notes of the Advisory Committee on the Federal Rules makes it clear that Rule 11's provisions are designed to "help streamline the litigation process by lessening frivolous claims and defenses." Although sanctions under Rule 11 have been imposed against Ronnie L.R. Nixon in the three other cases filed by him regarding the currency issue on the ground that they were frivolous, he has not been deterred from filing this frivolous case or pursuing the same with persistency. Accordingly, the court finds that a fine payable to the Clerk of the Court in the sum of $2000.00 is an appropriate sanction in this case.

For the foregoing reasons, the defendant's motion to dismiss is GRANTED and this case is DISMISSED. Plaintiff is hereby ORDERED to pay Five Hundred Dollars ($500.00) for defendant's attorney's fees as a sanction for filing this lawsuit.

In addition, plaintiff is further ORDERED to pay a fine of Two Thousand Dollars ($2000.00) to the Clerk of this Court as a further Rule 11 sanction. All sums ordered to be paid herein shall be paid by February 1, 1986. SO ORDERED.