[No. 9122–8–III.   Division Three.   June 16, 1988.]

THE FEDERAL LAND BANK OF SPOKANE, *Respondent,* v.
JERRY LEE REDWINE, *Appellant.*

*Jerry Lee Redwine,* pro se.

*Thomas Bassett, Erika Balazs,* and *Lukins & Annis,* for respondent.

McINTURFF, C.J.—Jerry Redwine appeals a summary judgment entered in favor of Federal Land Bank of Spokane on its action to foreclose Mr. Redwine's mortgage. His primary defense to the foreclosure action rested on a "Declaration of Land Patent" recorded by him in the county auditor's office in which he asserted his paramount title to the mortgaged land.

The Bank had loaned Mr. Redwine and his wife $100,000 on April 12, 1977, taking in exchange a promissory note secured by a mortgage on the property which is the subject of this lawsuit. The Redwines defaulted in February 1986.

Two months prior to the default, Mr. Redwine had executed and recorded with the Grant County Auditor a "Declaration of Land Patent" in which he stated:

> I bring up this Land Patent or Grant in my name, as it is the only way a paramount, allodial[1] and perfect title can be had in my name . . .
>
> . . .
>
> If this Land Patent is not challenged by someone in a court of law within 60 days from the date of filing, then the above described property shall become mine as an allodial freehold.

Attached to Mr. Redwine's brief is a hard to read copy of a document dated January 6, 1896, and stamped as an official record on file with the Oregon state office of the Bureau of Land Management. Mr. Redwine asserts this latter document is the original federal patent for the subject land.

---

[1]Alodium is defined as "1: a form of estate among 11th century Anglo–Saxons in which absolute possession and control were vested in the holder . . . 2 . . .: land that is the absolute property of the owner: real estate held in absolute independence without being subject to any rent, service, or acknowledgement to a superior". *Webster's Third New International Dictionary* 60 (1969).

In January 1987 the Bank commenced this action to foreclose the mortgage. In February, it moved for summary judgment; that motion was granted in June 1987.[2]

Mr. Redwine contends he was denied his right to trial, his right to a jury, and, at the very least, the Declaration of Land Patent raised an issue of fact as to whether the Bank properly could foreclose on the subject property. He also contests the court's judgment because it allowed the Bank to sell his land for something other than gold and silver, the only money he recognizes as lawful.

First, did the Superior Court deny Mr. Redwine's right to trial or his right to a jury?

A jury trial is not necessary where there are no issues of fact. *Nave v. Seattle,* 68 Wn.2d 721, 725, 415 P.2d 93 (1966), *appeal dismissed,* 385 U.S. 450, *reh'g denied,* 386 U.S. 929 (1967). The summary judgment procedure amounts to a trial of the legal issues: each side has the opportunity to argue his view of how the law applies to the undisputed facts, and the court renders a decision on the legal issues presented.[3] We find Mr. Redwine was given a trial in the sense he had an opportunity to present his legal arguments. He presented no factual issues which would require a trial by jury.

---

[2]Mr. Redwine represented himself in superior court and continues to represent himself in this appeal.

[3]The function of the summary judgment is to avoid a useless trial when there is no genuine issue of fact presented by the pleadings and the other documents on file. *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 441, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). It has been stated:

". . . Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if *they really have evidence which they will offer on a trial,* it is to carefully test this out, in advance of trial *by inquiring and determining whether such evidence exists. . . .*" (Italics ours.) *Preston v. Duncan,* 55 Wn.2d 678, 683, 349 P.2d 605 (1960) (quoting *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940)).

Second, does the Declaration of Land Patent filed by Mr. Redwine establish paramount title in him to the exclusion of any right of the Bank to foreclose the mortgage?

In *Hilgeford v. Peoples Bank, Portland, Ind.,* 607 F. Supp. 536 (N.D. Ind. 1985), *aff'd,* 776 F.2d 176 (7th Cir. 1985), *cert. denied,* 475 U.S. 1123 (1986), the plaintiffs brought a quiet title action against the bank which had loaned them money and secured the loan via a mortgage on plaintiffs' land. The plaintiffs claimed superior title by virtue of an alleged land patent which they drafted and signed themselves and recorded. The court noted, at page 538, that a land patent is a creature of statute whereby the United States grants public land to private individuals. The plaintiffs' "patent" did not concern public land; rather, it related to private property. The court, at page 539, characterized the claim as frivolous and imposed sanctions on the plaintiffs.

Mr. Redwine argues *Hilgeford* is distinguishable, but the two cases appear exactly the same to this court. We conclude the Declaration of Land Patent had no effect on title.

Third, did the court err when it ordered the property sold, knowing it would be sold for something other than "lawful" money, *i.e.,* gold or silver?

*Juilliard v. Greenman,* 110 U.S. 421, 28 L. Ed. 204, 4 S. Ct. 122, 131 (1884), holds that Congress has the constitutional power to make the treasury notes of the United States legal tender in payment of private debts. We find no error.[4]

Finally, we address the Bank's request for attorney fees on appeal. The mortgage and note include the following terms. Mortgage: "In case of any suit to foreclose this mortgage . . . the mortgagors agree to pay a reasonable sum as attorney's fees and all costs and legal expenses in

---

[4]After oral argument, Mr. Redwine submitted to us several periodicals detailing his theory of money. We have read those periodicals, but they cannot change our opinion. We are bound to follow the United States Supreme Court opinion cited above which upheld the monetary system Mr. Redwine now attacks.

connection with said suit . . ." Note: "In case of suit hereon or foreclosure, the makers hereof agree to pay a reasonable attorney's fee in addition to other costs." Since this appeal is from the foreclosure action, and the Bank has complied with the requirements of RAP 18.1, it is entitled to its reasonable fees and costs incurred on appeal. *See Singleton v. Frost,* 108 Wn.2d 723, 734, 742 P.2d 1224 (1987).

We also agree with the Bank that it is entitled to an award of terms against Mr. Redwine. RAP 18.9(a) provides, in part:

> The appellate court on its own initiative or on motion of a party may order a party or counsel who uses these rules for the purpose of delay or who fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply.

The propriety of an award of sanctions involves consideration of various factors:

> In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Boyles v. Department of Retirement Sys.,* 105 Wn.2d 499, 506–07, 716 P.2d 869 (1986) (quoting *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983)).

Mr. Redwine's appeal meets *Boyles'* definition of frivolous. Like the purported land patent in *Hilgeford,* the document on which Mr. Redwine based his claim was "a blatant attempt by [a private landowner] to improve title by personal fiat." *Hilgeford,* at 539. Even resolving all

doubts in Mr. Redwine's favor, his appeal presented no debatable issues.

Consequently, we remand this cause to the superior court for a hearing to determine the amount reasonably expended by the Bank for attorney fees in this appeal. That amount shall be added to the Bank's judgment against Mr. Redwine.

The judgment of the Superior Court is affirmed.

GREEN and THOMPSON, JJ., concur.