## COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

DOUGLAS COUNTY, WASHINGTON, a Political subdivision of the State of Washington,

     Respondent,

  v.

MARK MARLOW and NANCY MARLOW, Husband and wife, and PUBLIC UTILITY DISTRICT NO. 1 OF CHELAN COUNTY, a Washington municipal corporation,

     Appellant.

No. 33928-9-III

ORDER AMENDING COURT'S OPINION FILED NOVEMBER 29, 2018

THE COURT on its own motion has determined that the opinion should be amended on page 3. Therefore,

IT IS HEREBY ORDERED, the Court's opinion filed on November 29, 2018, is hereby amended as follows:

On page 3, line 21 the word "State's" should be changed to "county's".

The rest of the opinion shall remain as written.

PANEL: Judges Korsmo, Lawrence-Berrey, Siddoway

FOR THE COURT:

KEVIN M. KORSMO,
Acting Chief Judge



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DOUGLAS COUNTY, WASHINGTON, | ) | |
| a Political subdivision of the State of | ) | No. 33928-9-III |
| Washington, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARK MARLOW and NANCY | ) | |
| MARLOW, Husband and wife, and | ) | |
| PUBLIC UTILITY DISTRICT NO. 1 OF | ) | |
| CHELAN COUNTY, a Washington | ) | |
| municipal corporation, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Mark and Nancy Marlow brought this latest appeal in their long-running battle with Douglas County to assert a frivolous argument concerning title to their land. We affirm the trial court's ruling that it had subject matter jurisdiction and award respondent its attorney fees.

FACTS

The Marlows own land in Douglas County along the Columbia River. They made a series of unauthorized improvements to their property in and out of the water, including the installation of docks, a boat ramp, retaining walls, a gazebo, sidewalks, and a diving

board and slide. In June 2011, the County served a notice of violation and order to comply alleging violations of the Shoreline Management Act of 1971, ch. 90.58 RCW, the Douglas County Shoreline Master Program, and the County's Critical Areas Ordinance.

The Marlows appealed the notice, but a hearing examiner upheld the violations and directed them to comply with the statutes. The Marlows filed a land use petition, but lost that action in superior court and appealed to this court. We affirmed the rulings in 2013. *Marlow v. Douglas County*, No. 31013-2-III (Wash. Ct. App. Oct. 22, 2013) (unpublished), http://www.courts.wa.gov/opinions/pdf/310132.pdf.

The county then sought to enforce the 2011 ruling. Several review hearings were continued during 2014 in order to allow the Marlows to seek appropriate permits. A trial was held November 18, 2014. The unauthorized development had not been removed, nor had the Marlows sought appropriate permits. The court ordered the Marlows to comply and set a review hearing for March 24, 2015. That hearing, as well as a review hearing held July 14, 2015, found the Marlows were still out of compliance.

On August 11, 2014, the Marlows filed a "notice of chain of title" listing the purported owners of their property dating back to a 1906 land patent issued by President Theodore Roosevelt to the Northern Pacific Railway. The deed issued to the Marlows locates the property within section 26, township 22, range 21. The federal "land patent" does convey some land within the "north half of the northwest quarter of section" 26.

Clerk's Papers (CP) at 14. However, the Marlows did not show that their property was within that description.[1]

At the July 14 hearing, the Marlows attempted to challenge the jurisdiction of the court rather than address their compliance with the court's earlier orders. The trial court responded:

> Let me tell you this, Mr. and Mrs. Marlow, and we said this before. You're nice people and that sort of thing, but I hate to tell you I think you're going way down the wrong trail. . . .
> We're here for a review hearing. You have not complied. The stuff that you sent me is Constitutional stuff that I have dealt with twenty years. I'm not aware of anybody, anywhere, in any state, any county, who has ever prevailed on such an argument. It's gobbledygook and it's not going to help you.
> We're here for a review hearing. You haven't don't what you're supposed to do. You haven't done what the Court ordered you to do so the Court's going to go ahead and sign the order.

Report of Proceedings (RP) at 16-17.

The day before the scheduled October review hearing, the Marlows filed a series of documents carrying titles such as "verified jurisdictional challenge" relating to their land patent filing. The review hearing was continued and a hearing was held November 10, 2015, on the State's motion to strike the new documents. The court found that the documents were irrelevant, untimely, and frivolous, and ordered them stricken. Supp. CP

---

[1] The county's geographical information system indicates that the Marlow property is not located in the north half of the northwest quarter of section 26.

No. 33928-9-III
*Douglas County v. Marlow*

at 310-311.  In response to appellants' claim that they were entitled to challenge

jurisdiction, the trial judge replied:

> But you're wrong.  I am sure that I told you before, somebody, whether it
> be the internet or somebody else you're talking to is leading you astray and
> it's going to cost you and I'm afraid that it's going to cost you your
> property.  I have been involved in these kinds of issues since before I took
> the bench.  Never in this County, in any County in the State of Washington,
> in any State in the United States of America, have I seen this argument
> prevail because it shouldn't and won't and pretty soon in January they're
> going to dismiss the United States District Court case in Spokane.  That
> will be dismissed and pretty soon, as Mr. Clem indicates, he's going to ask
> for CR 11 sanctions and pretty soon, before you're done, you're liable to
> have to move out.  I don't know how—
>
> N. MARLOW: We—we—we
>
> JUDGE: Else to help you and tell you.

RP at 27-28.

The subsequent review hearing confirmed that the Marlows still had not complied

with the court's orders.  The Marlows then filed a notice of appeal to this court on

November 30, 2015.

The Marlows continued to represent themselves in this court.  A panel considered

their appeal without hearing argument.

## ANALYSIS

The sole issue presented by this appeal is a contention that the trial court lacked

jurisdiction to enforce its compliance orders due to the nature of the original land

4

conveyance from the federal government.[2]  They believe that some attributes of the

federal government's sovereignty somehow passed with the land when it was conveyed

to the railroad.  This argument is utterly without merit and is frivolous under our

precedent.

There is little benefit to discussing this matter at any length.  The Marlows argue

that their land is forever free of state regulation because it originally came from the

federal government.  They cite no relevant law in support of this proposition and we have

no obligation to disprove their arguments.

Whether a court has subject matter jurisdiction is a question of law reviewed de

novo.  *In re Marriage of Kastanas*, 78 Wn. App. 193, 197, 896 P.2d 726 (1995).  Subject

matter jurisdiction is the authority to hear and determine the class of action to which a

case belongs, not the authority to grant the relief requested, or the correctness of the

decision.  *In re Marriage of Major*, 71 Wn. App. 531, 536, 859 P.2d 1262 (1993).  "As

___

[2] The Marlows also assign error to the superior court's failure to consider their allegation that they had entered into an oral agreement with the county commissioners regarding compliance with the superior court's order affirming the notice of land use violations and order to comply.  The final review hearing from which this appeal was taken does not contain any mention of allegations of an oral agreement between the Marlows and the county commissioners.  Indeed, the only mention of these allegations are from the Marlow's narrative report of proceeding from the November 18, 2014 trial and from a May 12, 2015 scheduling hearing.  Br. of Appellant at 2-4; RP at 10-12.  They failed to appeal the findings of fact and conclusions of law from the 2014 trial.  The court's findings, and refusal to make other findings, are verities on appeal.  *In re Interest of Mahaney*, 146 Wn.2d 878, 895, 51 P.3d 776 (2002).  They simply do not get to contest this allegation in this case.

courts of general jurisdiction, superior courts have long had the 'power to hear and determine all matters, legal and equitable, . . . except in so far as these powers have been expressly denied.'" *Id*. at 533 (*quoting State ex rel. Martin v. Superior Court*, 101 Wash. 81, 94, 172 P. 257 (1918)).

Douglas County commenced this action pursuant to the Shoreline Management Act of 1971, ch. 90.58 RCW, and the Growth Management Act, ch. 36.70A RCW. CP at 259. The superior court is empowered to act under both of these statutes. The Marlow property is located within Douglas County. Therefore, the superior court had subject matter jurisdiction.

The subject matter jurisdiction challenge brought by the Marlows fails. While that observation is sufficient to conclude this appeal, we will briefly note some of the shortcomings in their argument: (1) they have not established that their land was part of the 1907 government transfer to the railroad; and (2) they have not established that the property, once it was transferred from the government into private hands, somehow retained vestiges of federal sovereignty that exempted it from state regulation. As the trial judge tried to warn them, these arguments have never prevailed in any court in this country.

The county seeks its attorney fees due to the frivolous nature of its appeal. We agree. RAP 18.1 and 18.9(a) provide that this court may award attorney fees on appeal where authorized by law, court rule, or where the appeal is frivolous. *Harrington v.*

*Pailthorp*, 67 Wn. App. 901, 913, 841 P.2d 1258 (1992). An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and it is so devoid of merit that no reasonable possibility of reversal exists. *Id.* Further, all doubts as to whether an appeal is frivolous are resolved in favor of the appellant. *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). "An appeal that is affirmed merely because the arguments are rejected is not frivolous." *Halvorsen v. Ferguson*, 46 Wn. App. 708, 723, 735 P.2d 675 (1986).

Here, we have no hesitancy concluding that this appeal was frivolous. The Marlows were repeatedly warned by the trial court that their course of action was frivolous. Not only was there no evidentiary basis for the argument, but its essence was a claim that this court found frivolous three decades ago. *Federal Land Bank v. Redwine*, 51 Wn. App. 766, 755 P.2d 822 (1988). There this court determined that a land patent, even if valid, did nothing more than transfer land. *Id.* at 769. We concluded that the appeal based on a land patent argument was frivolous and awarded the respondent its reasonable attorney fees on appeal. *Id.* at 770-771.

We do the same here. The record justifies our view that this meritless appeal was brought in bad faith for the purpose of delay. It was simply the latest step in a lengthy effort to avoid complying with the 2011 enforcement order and subsequent court judgments. The time for fighting is over; compliance is necessary.

Accordingly, our commissioner will award respondent its reasonable attorney fees in this court upon timely compliance with RAP 18.1(d). The judgment of the superior court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.

8