**Arnold W. HILGEFORD and Martha A. Hilgeford, Plaintiffs-Appellants,**

v.

**The PEOPLES BANK, Portland, Indiana, Defendant-Appellee.**

**No. 85–1744.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 22, 1985.*

Decided Oct. 31, 1985.

---

\* Defendant-appellee has moved to waive oral argument and plaintiffs-appellants have objected.

Arnold W. Hilgeford, Portland, pro se.

Robert E. Grant, Shoaff, Parker & Keegan, Ft. Wayne, Ind., for defendant-appellee.

Before WOOD, CUDAHY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

*Pro se* plaintiffs-appellants Arnold and Martha Hilgeford (the Hilgefords) commenced a quiet title action against their mortgagee, The Peoples Bank (the Bank), claiming that their "federal land patent" gave them superior title to certain real estate over the Bank's interest. The Bank had apparently made a loan to the Hilgefords, secured by a mortgage on the Hilgefords' property. This mortgage was subsequently foreclosed and the property sold to satisfy the debt when the Hilgefords defaulted on the loan. The land patent upon which the Hilgefords assert a superior interest was drafted and signed by them, and recorded after the Hilgefords mortgaged their property in favor of the Bank, but apparently before the state foreclosure proceedings commenced. The Hilgefords seek to have title to the property and the interests of the parties determined by the court, and the Bank enjoined from asserting any rights in the land. No diversity of citizenship was alleged, rather jurisdiction in the district court is predicated on the existence of a federal question.[1] 28 U.S.C. § 1331. The district court *sua sponte* dismissed the suit for lack of subject matter jurisdiction

---

Upon consideration of that request and objection, the briefs, and the record, defendant-appellee's motion is granted. Oral argument is denied, and the appeal is submitted on the briefs and the record. *See* Fed.R.App.P. 34(a); Circuit Rule 14(f).

1. This was the second action filed by the Hilgefords against the Bank within two weeks. The first action was dismissed for lack of jurisdiction since the complaint failed to allege any

federal question. *Hilgeford v. Peoples Bank*, No. F85–142 (N.D.Ind. Apr. 11, 1985). With knowledge of this order of dismissal, the Hilgefords filed the instant action, which is nearly identical to the first cause, except that the Hilgefords have made reference to federal constitutional and statutory provisions in an apparent attempt to bolster jurisdiction. *Hilgeford v. Peoples Bank*, 607 F.Supp. at 537.

and imposed a fine of $250.00 as a sanction pursuant to Federal Rule of Civil Procedure 11.[2] *Hilgeford v. Peoples Bank*, 607 F.Supp. 536, 539 (N.D.Ind.1985). The Hilgefords appeal.

■ On appeal, the Hilgefords have submitted a two-page brief containing a jurisdictional summary along with their argument that a land patent from the United States government is absolute and immune from collateral attack. While this court may hold a *pro se* litigant's briefs to a lower standard than those prepared by counsel, *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir.1984), the Hilgefords' brief is woefully inadequate. However, it is sufficient, along with the record, for us to determine the jurisdictional question, the only issue on appeal.

■ The Hilgefords premise jurisdiction on the existence of a federal question by

reason of their land patent, 28 U.S.C. § 1331,[3] specifically asserting that the action arises under article IV, section 3, clause 2 of the United States Constitution[4] and an 1820 Act of Congress, 3 Stat. 540.[5] It is well settled, however, that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress. *See, e.g., Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676, 94 S.Ct. 772, 781, 39 L.Ed.2d 73 (1974); *Shulthis v. McDougal*, 225 U.S. 561, 570, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912); *Joy v. City of St. Louis*, 201 U.S. 332, 342–43, 26 S.Ct. 478, 481, 50 L.Ed 776 (1906); *State of Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir.), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1388 (1983); *Standage Ventures, Inc. v. State of Arizona*, 499 F.2d 248, 249 (9th Cir.1974); *Heirs of Bu-*

2. Rule 11 governs the signing of pleadings and motions, and requires that each pleading or motion be signed by an attorney or the party if proceeding *pro se.* The signature on the pleading certifies that "to the best of his knowledge, information and belief formed after reasonable inquiry [the pleading, motion, or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a pleading violates Rule 11, the court "shall impose" an "appropriate sanction," which may include costs and attorney's fees.

The district court found sanctions under Rule 11 warranted because of the obvious frivolity of this suit,

> based upon a purported land patent which indicates *on its face* that it is a self-serving document, drafted by the plaintiffs to grant themselves title to land, and which does not invoke any federal law or constitutional provision precisely because it is a blatant attempt by private landowners to improve title by personal fiat.

*Hilgeford*, 607 F.Supp. at 539.

3. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

4. Art. IV, § 3, cl. 2 gives the Congress the power "to dispose of and make all needful Rules and

Regulations respecting the Territory or other property belonging to the United States...."

5. The Hilgefords' complaint cites the Act of the 16th Congress, Session I, chapter 5 which provides:

> the authority given in the eighth section of the above-recited act, to the Secretary of the Treasury, to employ nine additional clerks in the office of the third auditor, and three additional clerks in the office of the second comptroller of the Treasury, be, and the same is hereby, continued until the thirty-first day of December, one thousand eight hundred and twenty, and no longer; and that the sum necessary to carry into effect the provisions of this act, be, and the same is hereby, appropriated, and shall be paid, out of any money in the treasury, not otherwise appropriated.

APPROVED, January 14, 1820.

We fail to discern any relevance this statute (now obsolete) might have to the Hilgefords' claim. While we may assume the citation is incorrect, the Hilgefords have not included a copy of the statute nor have they alluded to its content in their brief. However, the date cited by the Hilgefords in their complaint for the Act is April 24, 1820. An Act of the 16th Congress, Chapter 51, 3 Stat. 566–67, was approved on that date and contains the provision creating the government apparatus for disposing of public lands via issuance of land patents. In any event, neither Act of Congress supports jurisdiction in this case.

rat v. Board of Levee Comm'rs, 496 F.2d 1336, 1339 (5th Cir.), cert. denied, 419 U.S. 1049, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974); *Kirklin v. Ellerbe*, 278 Fed. 168 (5th Cir. 1922).

> Only if federal law continues to govern the right ... or if the suit is to decide whether the United States did, in fact, originally convey it ... does an action to enforce that right "arise under" federal law. "The federal nature of the right to be established is decisive—not the source of the authority to establish it."

*State of Wisconsin v. Baker*, 698 F.2d at 1327 (citations omitted).

Neither the federal constitutional and statutory provisions cited, nor the existence of title derived from a land patent raises a sufficient federal claim or issue upon which to base the jurisdiction of the district court. The instant case does not require the interpretation or construction of these alleged bases of jurisdiction. Rather, the action involves only mortgage foreclosure, proper for state court determination, not federal court. Land title and possessory actions are generally not the business of federal courts, *e.g., White v. Burnley*, 61 U.S. (20 How.) 235, 15 L.Ed. 886 (1857); *Beauregard v. New Orleans*, 59 U.S. (18 How.) 497, 15 L.Ed. 469 (1855), and this case is no exception.[6]

 Finally, the district court's imposition of sanctions under Rule 11 will be upheld absent an abuse of discretion. *Frazier v. Cast*, 771 F.2d 259, 262 (7th Cir. 1985); *In re TCI Ltd.*, 769 F.2d 441, 448 (7th Cir.1985). The Hilgefords fail to enumerate how the district court abused its discretion or to even argue the issue in their appellate brief.

Under Federal Rule of Appellate Procedure 38, we may award damages, including attorney's fees, and costs if an appeal is both frivolous and an appropriate case for the imposition of sanctions. *See Trecker v. Scag*, 747 F.2d 1176, 1179 (7th Cir.1984), cert. denied, —— U.S. ——, 105 S.Ct. 2140, 85 L.Ed.2d 498 (1985); *Reid v. United States*, 715 F.2d 1148, 1154–55 (7th Cir. 1983). The conclusion that this appeal is frivolous seems inescapable. The drafting and recordation of the Declaration of Land Patent was a blatant attempt by the Hilgefords to circumvent the Bank's mortgage and improve their title. The district court informed them twice within a month's time that this device did not improve their title or form the basis for federal jurisdiction. On appeal, the Hilgefords have completely failed to support their claim of jurisdiction by citing relevant authority or by refuting the district court's analysis.

Our review of the briefs and record persuades us that this is vexatious litigation; an appropriate case for the imposition of sanctions. The Hilgefords have no support for their claims of superior title or federal jurisdiction. Their brief was also woefully inadequate. We can think of no other reason for this appeal other than delay, harassment, or sheer obstinancy. *Reid*, 715 F.2d at 1155. Accordingly, we award the Bank $500 in damages for this frivolous appeal in addition to the costs allowed by Federal Rule of Appellate Procedure 39.

The judgment of the district court is AFFIRMED.

---

**6.** The cases cited by the Hilgefords in the jurisdictional summary of their brief are totally irrelevant to the jurisdictional issue in this case and, therefore, warrant no discussion.