945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
STATE of Wisconsin, Plaintiffs-Appellees,
v.
Blanca KAVOURAS, Defendant-Appellant.
 No. 89-3129.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1991.*
Decided Oct. 8, 1991.
Rehearing and Rehearing En Banc Denied
Nov. 14, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Blanca Kavouras was charged in the state court of Wisconsin with abandonment of animals. After pre-trial proceedings had commenced but prior to trial, Kavouras filed with the district court a petition to remove the state criminal proceeding to federal court. In support of that petition, Kavouras asserted that she could not obtain a fair trial in state court, and that state officials had fabricated a case against her in order to harass her. In support of those allegations, Kavouras described the events surrounding her prosecution. Kavouras also asserted that she would not receive the same fair and impartial proceedings as white citizens, although she did not further discuss this allegation. The district court denied the petition, and Kavouras appealed.[1]
 
 
 2
 Kavouras' removal petition was based upon 28 U.S.C. § 1443, which allows removal of a criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof...." 28 U.S.C. § 1443(1).[2] The Supreme Court has interpreted this provision as encompassing a two-part test. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). First, the right allegedly denied Kavouras must arise under a federal law " 'providing for specific civil rights stated in terms of racial equality.' " 421 U.S. at 219, quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966). The Court held that § 1443 is not satisfied by claims that petitioner will be denied due process because the prosecution is "a sham, corrupt, or without evidentiary basis." 421 U.S. at 219.
 
 
 3
 Section 1443(1) also requires that the petitioner be unable to enforce the specified federal rights in the state courts. Johnson, 421 U.S. at 219. State courts normally are presumed capable of protecting federal constitutional and statutory rights. Therefore, removal is allowed only where a formal expression of state law or an equivalent basis clearly predicts that the federal rights will not be vindicated in the state court. 421 U.S. at 219-20.
 
 
 4
 Application of that two-prong test to the present case reveals that the district court correctly remanded the case to the state court. The contention that the prosecution is a sham or that the trial will not be fair cannot provide a basis for removal under § 1443 absent evidence that a specific federal right of racial equality is implicated. Kavouras' generalized claim that she would not enjoy the same fair and impartial proceeding as white citizens because she is Hispanic is insufficient to meet this requirement. See Johnson, 421 U.S. at 219 ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability ... will not suffice"). Moreover, the petition for removal presents no state law or equivalent basis demonstrating that the state court will not vindicate any federal rights which might be implicated. Because Kavouras has failed to satisfy the requirements of § 1443(1), the district court properly remanded the case to state court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Because the removal was based upon 28 U.S.C. § 1443, this court has jurisdiction over the appeal. See 28 U.S.C. § 1447(d); Wisconsin v. Glick, 782 F.2d 670, 672 (7th Cir.1986)
 
 
 [2]
 Section 1443(2) is unavailable to Kavouras because it applies only to federal officers and persons assisting federal officers in the performance of their official duties. City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 815 (1966)