27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael V. O'BRIEN, Plaintiff/Appellant,
v.
DULUTH, MISSABE & IRON RANGE RAILWAY CO. Defendant/Appellee.
 No. 93-3045.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided May 26, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Michael V. O'Brien sued his former employer in state court alleging that the employer railroad wrongfully discharged him in breach of a certain written agreement. He sought recovery of "lost wages, past, present and future, as well as additional railroad retirement and disability benefits, pension accruals, and other benefits which were available to him as an employee." The railroad removed the suit to federal court on the basis of complete preemption by the Railway Labor Act ("RLA"), 45 U.S.C. Sec. 153, and diversity of citizenship. The district court dismissed the action for lack of subject matter jurisdiction concluding that O'Brien's claim presented a "minor dispute," which was subject to compulsory arbitration by a railroad adjustment board. O'Brien appeals and we affirm.
 
 
 2
 The major/minor terminology was adopted to describe the two classes of controversy distinguished in the RLA: "major disputes" involve union representation or contract formation, Dempsey v. Atchison, Topeka & Santa Fe Ry. Co., 16 F.3d 832, 841 (7th Cir.1994), and "minor disputes" involve disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rule, or working conditions." Consolidated Rail Corp. v. Railway Labor Executives' Ass'n, 491 U.S. 299, 302 (1989); 45 U.S.C. Sec. 153 First (i). Instead of a case-by-case determination, the line drawing depends on "whether a claim has been made that the terms of an existing agreement either establish or refute the presence of a right to take the disputed action." Consolidated Rail Corp., 491 U.S. at 305. Thus, the distinguishing feature of a minor dispute is that "the dispute may be conclusively resolved by interpreting the collective bargaining agreement." Id.; see also Chicago & North Western Transportation Co. v. Railway Labor Executives' Ass'n, 908 F.2d 144, 148 (7th Cir.1990), cert. denied, 111 S.Ct. 1073 (1991). Where the dispute is over an individual employee's job rights as in a claim of wrongful discharge, it is a minor dispute. See Elmore v. Chicago & Ill. Midland Ry. Co., 782 F.2d 94, 95 (7th Cir.1986). See also Andrews v. Louisville & Nashville R.R., 406 U.S. 320, 322 (1972).
 
 
 3
 We conclude that O'Brien's claim fits squarely within the "minor dispute" category. The complaint alleged that the railroad had breached a written agreement, which covered "hours of service, working conditions, rates of pay and job protection." The only agreement we can find that governs the employment conditions described is the November 1, 1976 collective bargaining agreement. That agreement was abrogated by operation of another collective bargaining agreement entered into on December 8, 1989 in which the union, represented by a duly elected representative of the patrolmen class, and the railroad agreed to the termination of employment of eight patrolmen including O'Brien. Under the 1989 agreement, the railroad agreed to offer either a lump-sum severance allowance or a termination payment in exchange for abrogation of the 1976 agreement with the effect that "no person previously having seniority under the [1976] agreement shall have any right to claim work, compensation, protective payments, or any other benefits" pursuant to that agreement. O'Brien concedes on appeal that his employment was governed by the 1976 agreement but argues that the 1989 agreement was not a collective bargaining agreement and did not foreclose any benefits that may have accrued to him. Because the gist of O'Brien's challenge is that the railroad wrongfully discharged him in breach of the 1976 agreement thereby depriving him all benefits "which were available to him as an employee," the dispute calls for the interpretation of the 1976 collective bargaining agreement and the 1989 agreement, on which the railroad relied in discharging O'Brien.[1] It follows that O'Brien's claim is a "minor dispute" because the railroad's assertion of a contractual right to take the contested action is not "frivolous or obviously unsubstantial" and the railroad's contested action is at least "arguably ... justified by the terms of the parties' collective bargaining agreement." Consolidated Rail Corp., 491 U.S. at 306-7. In fact, O'Brien's objections to the 1989 agreement--that it contains no terms for those employees who refused to take the severance payments and that it was a forced resignation--only lend support to our conclusion that the dispute, including the claims of benefits allegedly accrued, can be conclusively resolved by looking to the two collective bargaining agreements. Because O'Brien's case is a minor dispute and because such disputes are subject to compulsory arbitration before a railroad adjustment board under Sec. 3 of the RLA, Consolidated Rail Corp., 491 U.S. at 302, we conclude that the district court properly dismissed the case for lack of subject matter jurisdiction.
 
 
 4
 O'Brien contends that his case presents a "major dispute" because at issue is not merely the interpretation of the terms of a collective-bargaining agreement but rather a claim that goes "above and beyond the union contract"--he is seeking to recover benefits "due and owing under those agreements which have been vested outside of the union and its contracts with [the railroad]." O'Brien does not explain to what agreements he refers. As the district court found, the alleged loss of benefits, pension accruals and wages were incidental to the discharge and did not involve separate agreements between O'Brien and the railroad. O'Brien explains on appeal that the benefits already accrued include "railroad retirement benefits as well as those conferred by the New York Dock Agreement." If O'Brien is claiming that he is entitled to benefits under the Railroad Retirement Act of 1974, 45 U.S.C. Secs. 231, et seq., or that the railroad violated the protective conditions imposed by the Interstate Commerce Commission on the two partnerships that purchased the railroad in 1988, see New York Dock Railway, 360 I.C.C. 60 (1979), then the dispute is entirely outside of the RLA and subject to the exclusive dispute resolution mechanisms provided under those statutes. In either event, O'Brien cannot maintain the suit in the federal district court at this stage. See 45 U.S.C. Secs. 231f, 231g; Denberg v. United States Railroad Retirement Bd., 696 F.2d 1193, 1198 (7th Cir.1983); Walsh v. United States, 723 F.2d 570 (7th Cir.1983).
 
 
 5
 The railroad asks us to sanction O'Brien for prosecuting a frivolous appeal and award it double costs and damages on appeal including reasonable attorneys' fees. Fed.R.App.P. 38. We may award damages if an appeal is frivolous and when sanctions are appropriate. A-Abart Electric Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir.1992), cert. denied, 113 S.Ct. 194 (1992). An appeal is frivolous when "the result is foreordained by the lack of substance to the appellant's argument," Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (en banc), or when it "merely restates arguments that the district court properly rejected." A-Abart Electric Supply, Inc., 956 F.2d at 1406. The standard for determining frivolousness depends on the work product--"neither the lawyer's state of mind nor the preparation behind the appeal matter." Mars Steel Corp., 880 F.2d at 938. Sanctions are appropriate if the appeal was prosecuted "with no reasonable expectations of altering the district court's judgment and for purposes of delay, harassment or sheer obstinacy," id., although we reserve the discretion to withhold sanctions. United States v. Flood, 965 F.2d 505, 504 (7th Cir.), cert. denied, 113 S.Ct. 437 (1992).
 
 
 6
 We conclude that O'Brien's appeal is frivolous. His appellate brief is cursory in the extreme and lacks substance. In the mere two and one half pages of argument, O'Brien essentially repeats the same conclusory claims properly rejected by the district court. He persists in arguing that he was entitled to benefits vested by agreements outside of the collective bargaining agreement without telling us what these agreements are and why claims arising out of those agreements can be brought under the RLA. He states that the 1989 agreement is not a collective bargaining agreement and does not destroy his rights but gives no explanation of why that is the case. Other than insisting that his claim is a "major dispute" under the RLA because it doesn't involve the interpretation of a collective bargaining agreement, he presents no logical argument for refuting the district court's analysis. See Hilgeford v. Peoples Bank, 776 F.2d 176, 179 (7th Cir.1985), cert. denied, 475 U.S. 1123 (1986). O'Brien's attorney could not have prosecuted this appeal with any reasonable expectations of altering the district court's judgment. Accordingly, we conclude that sanctions are appropriate. The appellee shall therefore have 14 days within which to submit documentation of its expenses reasonably incurred in defending against this appeal.
 
 
 7
 AFFIRMED with sanctions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Neither party has requested oral argument, and thus the appeal is submitted on the briefs and record
 
 
 [1]
 Although the 1976 agreement has been abrogated, grievances arising under a labor agreement that has expired generally "survive and continue to be governed by its terms" and are subject to mandatory arbitration under the RLA. See Association of Flight Attendants v. Delta Air Lines, Inc., 879 F.2d 906, 910, 917 (D.C.Cir.1989), cert. denied, 494 U.S. 1065 (1990)