132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnold SCHEUMANN, Defendant-Appellant.
 No. 97-2972.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.*
Decided Dec 16, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division, No. 1:95-CV-237; William C. Lee, Defendant-Appellant, Chief Judge.
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On July 24, 1995, the federal government filed suit in the Northern District of Indiana to foreclose on Mr. Scheumann's farm for failure to repay loans by the Farmers Home Administration ("FHA"), now the Farmers Service Agency. The district court entered summary judgment in favor of the United States, and subsequently denied Mr. Scheumann's motion for reconsideration. Mr. Scheumann timely appealed, and we affirm.
 
 
 2
 It is undisputed that Mr. Scheumann entered into two loan agreements with the FHA. The first was for § 87,000 and the second was for $157,200 Mr. Scheumann admits that he failed to make timely payments on these loans. These facts, coupled with Mr. Scheumann's inability to cite legal authority in support of any of his arguments, effectively dispose of his appeal.[1] Arguments not adequately supported by legal citation are waived. Fed. R.App. P. 28(a)(6); Griffin v. City of Milwaukee, 74 F.3d 824. 828 (7th Cir.1996). Even if Mr. Scheumann had not waived his arguments, however, they are meritless.
 
 
 3
 Mr. Scheumann argues that his loan contracts with the FHA were invalid because they were "unilateral." Mr. Scheumann offers no factual or legal support for this contention, however, so the district court was right to find it frivolous. Mr Scheumann next claims that he possesses a valid land patent on the land in question, because he filed a document entitled "Declaration of Land Patents" with the Recorder of Allen County, Indiana on December 11, 1995. This court has previously noted that such "land patents" convey no rights and do not affect a foreclosure action. See Wisconsin v. Glick, 782 F.2d 670, 672 (7th Cir.1986) ("federal patents do not prevent the creation of later interests" in the property, including mortgages and liens); Hilgeford v. Peoples Bank, 776 F.2d 176, 179 (7th Cir.1985) (Declaration of Land Patent could not circumvent a mortgage or improve the mortgagor's title) Thus, this argument is also without foundation.
 
 
 4
 Mr. Scheumann next asserts that the district court was without jurisdiction to enter the order of foreclosure under the doctrine of res judicata, because he had already brought a quiet title action in the "Peoples' Court," "Our One Supreme Court," and that court had found in his favor. Although Mr. Scheumann claims that this court exists and exercises jurisdiction under the auspices of Article III of the United States constitution, nothing in or out of the record supports his assertion. The district court was not required to accord deference to a "judgment" entered by an ersatz court. Moreover, Mr. Scheumann's assertion of the doctrine of res judicata does not affect the district court's subject matter jurisdiction, which was proper under 28 U.S.C. § 1345. Indeed, this court's appellate jurisdiction, which Mr. Scheumann himself invokes, would not exist unless the district court's jurisdiction were also proper.
 
 
 5
 Mr. Scheumann also urges that the United States of America is an improper party to this suit, because it is a fictitious entity unable to sue in its own name. This contention is simply wrong. See Wyandotte Transp. Co. v. United States, 389 U.S. 191, 201 (1967) ("the United States may sue to protect its interests"): Rex Trailer, Co, Inc. v. United States, 350 U.S. 148, 151 (1956) ("The Government has the right to make contracts and hold and dispose of property, and, for the protection of its property rights, it may resort to the same remedies as a private person"); Cotton v. United States, 52 U.S. 229, 231 (11 How.) (1851) (the United States may bring civil suits to protect its interests).
 
 
 6
 Mr. Scheumann's final argument is that the district court should not have ordered foreclosure on his property because the United States Department of Agriculture issued a moratorium on foreclosures.[2] The government agrees that on March 12, 1997, the Administrator of the Department of Agriculture's Farm Service Agency (the successor to the FHA) directed all state and county Farm Service Agency offices to suspend all Farm Service Agency-initiated farm foreclosure sales, in order to allow the agency to further review possible civil rights complaints arising from loan administration practices. Mr. Scheumann did not assert any civil rights complaints arising from the FHA's administration of his loans before the district court, however. Moreover, a Department of Agriculture moratorium is not binding on the Department of Justice's conduct of cases already referred to it for prosecution. Once a foreclosure case has been referred to the Department of Justice, attorneys for that department control the case. See, e.g., 7 C.F.R. § 1956.57(g) (the FHA cannot settle loan accounts once the claim has been referred to a United States Attorney for legal action). The government attorneys who prosecuted this foreclosure action, which was filed nearly two years before the moratorium was issued, were under no obligation to heed the Department of Agriculture's subsequent moratorium, and the fact that they did not is not grounds for appeal.
 
 
 7
 For all of the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record. we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Mr. Scheumann's sole legal citation is an 1859 Supreme Court case regarding land patents
 
 
 [2]
 Mr. Scheumann also complains that the district court judge and government attorneys refused to sign a Reaffirmation of Oath "stating that they would uphold [his] Constitutional rights." Appellant's br. at 4. Mr. Scheumann stops short of claiming that the district court treated him unfairly in any way, however, and our review of the record suggests that Chief Judge Lee extended considerable patience and courtesy to Mr. Scheumann