**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Alan D. COOPER, Defendant–Appellant.**

No. 98–1144.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 1999.

Decided March 10, 1999.

Rehearing and Suggestion for Rehearing En Banc Denied April 23, 1999.

Peggy A. Lautenschlager (submitted), Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Alan D. Cooper, Federal Prison Camp, Duluth, MN, for Defendant–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

Alan Cooper was convicted of tax fraud, sentenced to 46 months in prison, and pursuant to the tax-fraud statute, 26 U.S.C. § 7206, ordered as part of the sentence to pay the costs of prosecution, $19,123.77. He appeals, making typical, and wholly frivolous, tax-protester arguments, such as that only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States and that wages are not income because they are compensation for working rather than a pure economic rent. These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared.

The interesting question is whether Cooper can and should be sanctioned for this frivolous appeal. If he were a civil appellant, the answer would be clearly yes. Fed. R.App. P. 38. And nothing in Rule 38 confines its operation to civil cases. In *Wisconsin v. Glick*, 782 F.2d 670, 673 (7th Cir.1986), we sanctioned a defendant who appealed an order remanding to state court a prosecution that had been initiated there but that he had frivolously removed to federal court; we left open the question "whether and when a court should impose sanctions on a criminal defendant who simply makes unsupportable argu-

ments during the regular course of trial and appeal." *Id.* at 673. In *In re Becraft,* 885 F.2d 547, 550 (9th Cir.1989) (per curiam), the Ninth Circuit sanctioned a criminal defendant who reasserted frivolous arguments in a petition for rehearing, but again the court left open the question of its authority to sanction a frivolous direct criminal appeal. *Id.* at 550 n. 4.

We cannot think of a compelling reason for an absolute, categorical exclusion of criminal cases from the grasp of Rule 38 (though we cannot find a case in which Rule 38 sanctions have been imposed on a direct criminal appellant). 16A Charles Alan Wright *et al., Federal Practice and Procedure* § 3984.1, p. 630 (2d ed.1996). The rule must be applied with caution in such cases to avoid discouraging convicted defendants from exercising their right to appeal. *Wisconsin v. Glick, supra,* 782 F.2d at 673; *In re Becraft, supra,* 885 F.2d at 550. But the *Anders* line of cases shows that a criminal defendant has no right to take a frivolous appeal. And frivolous criminal appeals do the criminal defendant no good. They clog the court system and, worse, they hurt meritorious criminal appeals by inviting sweeping rulings and by engendering judicial impatience with the entire class of criminal defendants.

■ The judicious application of Rule 38 to criminal appeals, if need be confining that application to what we have described as "frivolous squared" appeals, is particularly appropriate in the case of tax fraud. Section 7206 of the Internal Revenue Code, as noted at the outset of this opinion, imposes the cost of a successful prosecution for tax fraud on the offender. The statute refers only to the cost of prosecution in the district court. And because that cost is awarded as part of the sentence, see, e.g., *United States v. Becker,* 965 F.2d 383, 385 (7th Cir.1992); *United States v. Hiland,* 909 F.2d 1114, 1119 (8th Cir.1990); *United States v. Turnbull,* 888 F.2d 636, 637 (9th Cir.1989), an award to the government of the cost it incurred in defending against a frivolous appeal would require resentencing if such an award were deemed encompassed within section 7206. It is sensible to leave the making of the award to the appellate court, applying the standard of

Rule 38. But to bar such an award altogether would be inconsistent with the spirit of section 7206.

The fact that the statute makes no provision for an award of appellate costs cannot be taken as a congressional determination that such awards should not be permissible under any other provision of law, and in particular Rule 38. The standards are different. Section 7206 makes the award of the government's cost of prosecution automatic if the defendant is convicted, no matter how close the case or colorable his defenses. Rule 38 comes into play only if the appeal is adjudged frivolous. Affirmance of the conviction is not enough.

So while affirming the judgment, we direct the appellant to show cause within 10 days from the date of this decision why he should not be sanctioned under Fed. R.App. P. 38 for filing a frivolous appeal.

AFFIRMED; RULE TO SHOW CAUSE ISSUED.