In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2038

United States of America,

Plaintiff-Appellee,

v.

Noah Robinson,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 89 CR 908--James B. Zagel, Judge.

Submitted April 20, 2001--Decided May 7, 2001


   Before Posner, Ripple, and Rovner, Circuit
Judges.

   Per Curiam.  Noah Robinson is an
incessant repetitive filer of frivolous
motions attacking his conviction
andsentence. In the original appeal,
though he was represented by counsel, he
filed five motions for leave to file a
supplemental pro se brief, and we
remarked, in the course of upholding his
conviction, the tardy and repetitive
character of these motions. United States
v. Boyd, 208 F.3d 638, 641 (7th Cir.
2000). He filed four other meritless pro
se motions, two before and two after our
judgment was issued. After our judgment
was vacated by the Supreme Court and the
case remanded to us for reconsideration
in light of Apprendi v. New Jersey, 530
U.S. 466 (2000), see Boyd v. United
States, 121 S. Ct. 1072 (2001) (per
curiam), and after the receipt of 7th
Cir. R. 54 statements from the parties in
the case (the defendants' statement being
submitted by Robinson's counsel on behalf
of Robinson and the other defendants), we
reinstated our original judgment. United
States v. Green, No. 98-2036, 2001 WL
338109 (7th Cir. Apr. 3, 2001). Since
then, Robinson has filed eleven motions
with this court, all frivolous, all moot
because we have decided the case; they
are hereby dismissed. Our records reveal,
in addition, seven mandamus petitions by
Robinson, seven appeals from denials of

habeas corpus, one petition for habeas corpus, and two appeals of detention orders. All but two of these pleadings were filed pro se and in one of the two he filed two pro se motions for reconsideration and two pro se motions to submit supplemental arguments. All his pro se motions and other pro se pleadings have been meritless.

Robinson's conduct raises in acute form the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious appeals and motions. In Alexander v. United States, 121 F.3d 312 (7th Cir. 1997), in the exercise of the inherent power of this court to prevent vexatious litigation, we imposed sanctions for the filing of repetitive frivolous applications for leave to file a successive habeas corpus petition. The present case is as clear for sanctions as Alexander was, though it differs in two respects. First, habeas corpus is technically a civil remedy, and Robinson's motions are filings in a criminal case. Second, unlike successive habeas corpus petitions, repetitive motions can be returned to the movant without the court's having to rule on their merits. 7th Cir. Operating Proc. 1(a)(8). These are distinctions without real differences. Habeas corpus petitions usually and in Alexander are methods of challenging a criminal conviction, which is precisely what Robinson is seeking to do in the motions at issue here; and having to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling. There is no legal objection to the imposition of sanctions for frivolous filings in a criminal case, United States v. Cooper, 170 F.3d 691, 692 (7th Cir. 1999); see also In re Becraft, 885 F.2d 547, 550 (9th Cir. 1989) (per curiam), though such imposition is rare. Not having warned Robinson that he was risking sanctions by filing his repetitive motions, we shall not impose them now; but let this opinion be a warning to him (and others similarly situated) that he will be courting sanctions, monetary and otherwise (see Alexander), if he continues in his current course of frivolous motion practice.