T.C. Memo. 2010-25

UNITED STATES TAX COURT


KLE MANJARO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26386-08L.                    Filed February 16, 2010.


Kle Manjaro, pro se.

<u>Alicia E. Elliott</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a notice of determination concerning collection action sent to petitioner with respect to a levy to collect unpaid taxes for 2000, 2001, 2002, 2003, 2005, and 2006.  Petitioner has failed to raise any bona fide issue about his underlying liabilities or to identify any abuse of discretion by the Appeals Office.

Therefore, the issue for decision is whether a penalty should be imposed under section 6673 on the grounds that petitioner's arguments are frivolous and that the proceeding was commenced and maintained primarily for delay. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Arizona at the time that he filed his petition.

Petitioner filed Federal income tax returns for 2000, 2001, 2002, 2003, 2005, and 2006, reporting taxable income and balances owing after withholding credits that were insufficient to pay the reported income taxes. The reported amounts were duly assessed, along with interest and penalties. Petitioner failed to file a Federal income tax return for 2007 or 2008.

On February 21, 2008, the Internal Revenue Service sent petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner requested a hearing under section 6330, asserting that he disagreed with the amount of tax due. On July 1, 2008, the Appeals Office sent a letter to petitioner scheduling a hearing and requesting that petitioner provide documentation, including a completed Form 433-A,

Collection Information Statement for Wage Earners and Self-Employed Individuals, a signed Federal income tax return for 2007, and a completed Form W-4, Employee's Withholding Allowance Certificate.

Petitioner did not provide the requested documents, he did not identify any specific disagreement with the underlying liabilities, and he did not offer any collection alternatives. He did not accept an offer of a face-to-face hearing. He indicated that he was unemployed and suggested financial hardship. After a telephone hearing, the Appeals settlement officer reviewed transcripts of petitioner's account and verified that legal and procedural requirements had been met. The Appeals Office, therefore, determined that the proposed levy was appropriate.

In the petition filed October 29, 2008, petitioner indicated his belief that he did not owe the assessed amounts and that he desired to file amended returns "based on IRS Code". The petition also claimed financial hardship.

By notice served July 1, 2009, the case was set for trial on December 7, 2009. Attached to the notice was the Court's standing pretrial order. Petitioner did not file the pretrial memorandum specified by the standing pretrial order, but he did enter into a stipulation as required by that order and Rule 91.

- 4 -

OPINION

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of a section 6330 hearing) and, if dissatisfied, with judicial review of the administrative determination. Section 6330(c)(2) specifies the issues that the taxpayer may raise at the hearing. The taxpayer is allowed to raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. Sec. 6330(c)(2)(A). Section 6330(c)(3) provides that the determination of the settlement officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed

collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

Petitioner filed this action under section 6330(d), seeking judicial review of the notice of determination. When the case was called from the calendar for trial, petitioner sought a continuance, which was denied. He began his testimony by reading a statement as follows: "I do not believe that I owe taxes on my wages because Article I, Section 9, Clause 4 of the U.S. Constitution, which has never been repealed, prevents direct taxes without apportionment on natural persons born within the 50 states." The Court interrupted petitioner's prepared statement to admonish him that he was risking a penalty under section 6673 because he was making frivolous arguments. The argument that wages are exempt from taxation has been described as "beyond frivolous" and "frivolous squared". See, e.g., United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999). Over 20 years ago the Court of Appeals for the Ninth Circuit, to which our decision in this case is appealable, observed that "We hardly need comment on the patent absurdity and frivolity of such a proposition [that direct nonapportioned income taxes are unconstitutional]." United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir. 1989).

Petitioner then attempted to raise procedural questions and statutory arguments--a common dilatory tactic employed by tax defiers. See, e.g., Huntress v. Commissioner, T.C. Memo. 2009-161, regarding the "laundry list" of objections frequently invoked in section 6330 cases. Petitioner, however, had stipulated that "the settlement officer verified that all legal and administrative procedures were followed." At no time did petitioner raise any bona fide issues specified in section 6330(c)(2)(A).

So far as the record reflects, petitioner filed valid returns for the years subject to the collection action in question. The assessments were based on the returns that he filed. He became noncompliant with the filing requirements when he failed to file a Federal income tax return for 2007, and he also failed to file a return for 2008. His failure to file those returns or to provide the financial information requested by the Appeals officer precluded consideration of collection alternatives. See, e.g., Huntress v. Commissioner, supra. As a result, he has forgone the opportunity to present arguments based on his alleged financial hardship.

The record does not clearly reflect when petitioner decided to pursue frivolous arguments, but he did so at trial after his request for a continuance was denied. At that time the case had

been pending for over a year, and it had been set for trial for over 5 months.  No further delays were justified.

Section 6673(a)(1) provides:

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

We have decided not to impose a penalty in this case, but petitioner is warned that a penalty may be imposed if he pursues a similar course in the future.  See <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).  In view of the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.