In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 24-3252

ROBERT W. BARKER,

*Plaintiff-Appellee,*

*and*

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

EDWARD BOETTCHER and BEVERLY BOETTCHER,

*Defendants-Appellants.*

_____

Appeal from the United States District Court for
the Central District of Illinois.
No. 2:22-cv-02166-CSB-EIL — **Colin S. Bruce,** *Judge.*

_____

SUBMITTED JANUARY 13, 2026 — DECIDED APRIL 2, 2026

_____

Before BRENNAN, *Chief Judge,* and SCUDDER, and
MALDONADO, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Before us are two questions from a
narrow corner of the law of federal jurisdiction. The questions

relate to the scope of our authority under 28 U.S.C. § 1447(d) to review an order remanding part (but not all) of a case to state court following the removal to federal court of a different part (an ancillary matter involving a challenge to subpoenas served on federal employees) under the so-called federal officer removal statute, 28 U.S.C. § 1442. Because these questions rarely arise, we take this opportunity to discuss and highlight them in the wake of the Supreme Court's recent decision in *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021). In doing so, we affirm the district court's careful and correct rulings on these issues.

## I

The underlying dispute is straightforward and helps frame the jurisdictional questions.

Robert Barker sued his neighbors, Edward and Beverly Boettcher, in Illinois state court over a property-line dispute relating to land in Champaign County. Mr. Barker sought quiet title to land upon which he claimed the Boettchers had built a garage. The Boettchers counterclaimed, asserting adverse possession to the same property and disputing the property lines. During the litigation, the Boettchers served two employees of the United States Department of Agriculture with subpoenas seeking farm-acreage documents relating to Mr. Barker's property. (The Department surveys farming properties that receive certain federal benefits.) The subpoenas also commanded the employees' attendance at a hearing in state court.

The Department responded by informing the Boettchers that the employees would not comply because the subpoenas failed to respect the requirements imposed by federal

regulations. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). When the Boettchers refused to withdraw the subpoenas, the Department removed the subpoena proceeding—just that proceeding, not the broader state court case—to federal court pursuant to 28 U.S.C. § 1442(a)(1). That provision, commonly called the federal officer removal statute, allows what its name implies: federal officials to remove a proceeding to federal court if it implicates their official duties. See *id.* § 1442(a)(1); see also *Willingham v. Morgan*, 395 U.S. 402, 405–07 (1969) (explaining the background of § 1442).

For their part, the Boettchers reacted by seeking to remove the entirety of the state case to federal court. They did so by invoking the general removal statute, 28 U.S.C. § 1441(a), and contending that jurisdiction was proper in federal court because the case presented questions of federal law, see 28 U.S.C. § 1331. Federal questions were present, they thought, because the property lines at issue were first set by "acts of Congress": a federal land ordinance from 1785, federal surveys from the 1800s, and a deed from the federal government to the property's first private owner in 1851. The Boettchers also invoked § 1442, seeming to believe that the Department of Agriculture's removal meant that the whole case, not just the subpoena proceeding, belonged in federal court.

Mr. Barker disagreed on the propriety of federal jurisdiction, as he saw the property line dispute as requiring only the application of Illinois law. So he filed a motion to remand the entire case to where it started—state court.

The district court saw the jurisdictional questions with great clarity and entered an order retaining jurisdiction over the subpoena proceeding but remanding the property dispute

to the state court. The district court subsequently entered summary judgment for the Department of Agriculture and quashed the subpoenas the Boettchers issued.

## II

We begin, as we must, with our own jurisdiction.

### A

Appellate review of a remand order is rare. Indeed, the norm comes from 28 U.S.C. § 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." But the tail end of that same provision contains a limited exception in which Congress expressly provided that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." *Id.* Section 1442 is the federal officer removal statute the Department of Agriculture invoked to remove the subpoena matter to federal court. (Section 1443 is a reference to particular civil rights cases.)

We have interpreted the appellate review exception in § 1447(d) at least once before. Most relevant here is our decision in *Lu Junhong v. Boeing Co.*, where we explained that the review Congress authorized in § 1447(d) extends to the entirety of the district court's remand "order"—"[n]ot [only] particular reasons *for* an order, but the order itself." 792 F.3d 805, 812 (7th Cir. 2015).

The Supreme Court later agreed with our interpretation. In *BP P.L.C. v. Mayor & City Council of Baltimore*, the Court likewise seized on Congress's use of the word "order" in § 1447(d)'s reviewability exception and concluded that the district court's entire remand order is reviewable—not just

the reasons why removal was improper under the federal officer removal statute. See 593 U.S. at 237–38.

We can distill all of this in more practical terms. If a defendant removes a case based solely on federal question jurisdiction, the general rule of § 1447(d) precludes review of a remand order. But if the defendant invokes both federal question (or some other source) *and* federal officer jurisdiction or the civil rights grounds in § 1443 as the grounds for removal, we may review the entirety of the remand order—in other words, all grounds invoked by the defendant to demonstrate federal jurisdiction. See *id.*

These principles apply with clarity here. Because the Boettchers invoked federal officer jurisdiction in their notice of removal, we have the authority to review the district court's determination that neither federal officer jurisdiction nor federal question jurisdiction existed over the entire property dispute. See *id.*

B

Mr. Barker also seems to attack our appellate jurisdiction from a different angle. He observes that several months after the district court issued its partial remand order (but another several months before it entered final judgment) the Boettchers attempted to appeal the remand order. The parties briefed the appeal as if the remand order was an interlocutory ruling. We dismissed that appeal as untimely—coming too late for any pursuit of an interlocutory appeal. But in no way did we somehow preclude the Boettchers from appealing upon entry of a final judgment in the district court.

Here, too, it helps to return to basic jurisdictional principles. The law generally does not require litigants to challenge

an interlocutory ruling because the same ruling in time will merge with the final judgment. See, *e.g.*, *Sargeant v. Barfield*, 87 F.4th 358, 362 (7th Cir. 2023). Although the Boettchers did challenge the remand order, our dismissal of that appeal as untimely was necessarily without prejudice. See, *e.g.*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Dismissals without prejudice have no preclusive effect, *id.*, so the first appeal has no impact on the current, timely post-judgment appeal.

### III

With our appellate jurisdiction secure, we turn to the Boettchers' principal arguments and readily affirm the district court's rulings.

### A

The district court committed no error in retaining jurisdiction over the subpoena proceeding but not over the broader property dispute between Mr. Barker and the Boettchers.

The Department of Agriculture's selective removal of the subpoena proceeding was sound—indeed expressly authorized by the federal officer removal statute. See 28 U.S.C. § 1442(a), (d). The Boettchers believe, however, that the Department's removal of the subpoena proceeding opened the door to their own removal of the property dispute. We cannot agree.

Returning to the language of § 1442(d), we see that Congress added language allowing federal officers to remove "ancillary" proceedings—such as those seeking "a subpoena for testimony or documents"—while leaving the rest of the underlying case in state court. *Id.* § 1442(d)(1). The statute leaves no doubt about Congress's intent: "If removal is sought

for [such] a proceeding … and there is no other basis for removal, *only that proceeding* may be removed to the district court." *Id.* (emphasis added). And, as we have explained, "[i]f 'only' some portion of a proceeding is removable" under § 1442, "then that necessarily implies that other portions of that proceeding are not" without an independent jurisdictional justification. *Hammer v. United States Dep't of Health & Hum. Servs.*, 905 F.3d 517, 528 (7th Cir. 2018) (quoting *id.* § 1442(d)(1)).

The subpoena proceeding in this case plainly fit the requirements for jurisdiction under § 1442, so we give full effect to Congress's language—the Department's limited removal did not open the door to the Boettchers' more expansive removal.

Nor did the district court commit error by remanding the property dispute to state court. Because § 1442(d) permitted the Department to remove only the subpoena proceeding, the Boettchers needed a different federal hook to put the property dispute in federal court. That requirement comes from § 1447(c), which demands that district courts be vigilant in assuring themselves of subject matter jurisdiction after any attempted removal.

In one final attempt at obtaining federal jurisdiction over the property dispute, the Boettchers point to § 1331, the statute giving district courts jurisdiction over actions arising under federal law. They see their dispute with Mr. Barker as raising a federal question because the federal government was the first to define the property lines and created the original property deed. Even if the Boettchers are right on the facts, they fall short on the jurisdictional front.

Federal courts have long rejected the idea that property disputes "present[] a Federal question merely because one of the parties to it has derived his title under an act of Congress." *Shulthis v. McDougal*, 225 U.S. 561, 570 (1912); see also *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178–79 (7th Cir. 1985) (collecting cases). Something more, such as a challenge to the federal government's original conveyance of the property, would be required for federal courts to exercise jurisdiction. See *Hilgeford*, 776 F.2d at 179.

B

We close with the Boettchers' challenge to the district court's summary judgment order quashing the subpoenas issued to the two Department of Agriculture employees.

When a case is removed from state court, the federal court assumes a "purely derivative form of jurisdiction" and assumes no more power than the state court itself had. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). When a federal agency's officials are subpoenaed, this principal of "derivative jurisdiction" often intersects with the doctrine that courts—state and federal alike—lack jurisdiction to compel federal officials to comply with a subpoena that is contrary to a valid agency regulation. *Edwards v. United States Dep't of Just.*, 43 F.3d 312, 316–17 (7th Cir. 1994) (citing *Touhy*, 340 U.S. at 468). Put more simply, "if the state court lacks the jurisdiction to enforce [] subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed." *Id.* at 316. The law is equally clear that, in these circumstances, district courts must dismiss the proceeding for a lack of jurisdiction by quashing the subpoenas. See *id.* The proper procedural vehicle to do so is through a motion under Federal Rule of Civil Procedure 12 and not a

traditional motion for summary judgment under Rule 56. See *Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 402–03 (7th Cir. 2023). But applying Rule 56 here was harmless because the district court's order nonetheless reached the correct and limited result of quashing the subpoenas. See *id.*

On this point, the Boettchers made a critical concession in the district court. In their response to the Department's motion for summary judgment, they explicitly conceded that the state court did not have jurisdiction to enforce the subpoenas. Indeed, they renew the same concession on appeal. The district court did not understand *why* the Boettchers made this concession, and we too have struggled to understand it. Whatever the reason, the concession is clear, as are its consequences: the district court had no choice but to follow the instruction in *Edwards* by quashing the subpoenas.

In their briefs before us, the Boettchers press a range of other arguments challenging the district court's summary judgment ruling. But given their concessions that the subpoenas were unenforceable, we see no error in that ruling.

For these reasons, we AFFIRM.