**Frank MOLNAR, Plaintiff–Appellee,**

v.

**UNITED TECHNOLOGIES OTIS ELEVATOR, Defendant–Appellant.**

**No. 94–1441.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 7, 1994.

Decided Oct. 6, 1994.

Aladean M. DeRose (argued), South Bend, IN, for plaintiff-appellee.

Jon C. Abernathy (argued), James W. Johnson, III, Goodin & Kraege, Indianapolis, IN, for defendant-appellant.

Before CUMMINGS, BAUER, and CUDAHY, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff Frank Molnar filed this suit against United Technologies Otis Elevator ("Otis") for violating the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* A jury found that Otis violated the ADEA, awarded Molnar $75,000 in compensatory damages, and determined that Otis' violation was willful, which resulted in a doubling of the damages award to $150,000. Otis now appeals, and we affirm.

Molnar worked as an elevator mechanic for Otis from 1985 to October 1989 in the area in and around South Bend, Indiana. Fred Stickovich, Otis' office manager in South Bend, testified at trial that Otis received no written customer complaints concerning Molnar and that Molnar had a "great attitude" and perfect attendance. Molnar concedes that the only deficiency in his performance was electrical troubleshooting. Molnar received a positive evaluation from Bud Ogilbee, Otis' service department manager in South Bend, in the fall of 1988. Molnar was terminated from his position in October 1989. Molnar was sixty-two years old at the time of his termination and was replaced by Cleo Werntz, who was approximately twenty-one years younger than Molnar. Molnar re-

turned to Otis in a different capacity in April 1990 and retired on July 31, 1990.

■ The ADEA proscribes an employer from discharging or otherwise discriminating against any individual "because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA establishes a two-tiered liability structure and provides for liquidated damages only in cases of willful violations. 29 U.S.C. § 626(b). A violation of the ADEA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Hazen Paper Co. v. Biggins,* —— U.S. ——, ——, 113 S.Ct. 1701, 1710, 123 L.Ed.2d 338 (1993); *see also Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 126–28, 105 S.Ct. 613, 624–25, 83 L.Ed.2d 523 (1985).

■ Otis first challenges the sufficiency of the evidence to support the jury's finding that Otis willfully violated the ADEA. Our standard of reviewing this claim is limited to determining "whether the evidence presented, combined with all reasonable inferences that may be drawn from it, is sufficient to support the verdict when viewed in the light most favorable to the party winning the verdict." *U.S.E.E.O.C. v. Century Broadcasting Corp.,* 957 F.2d 1446, 1457 (7th Cir.1992) (citation omitted). This standard is easily met here. Both Ogilbee and Stickovich, who were responsible for Molnar's discharge, testified that they were aware of the ADEA when Molnar was fired and knew that firing an employee because of his age was illegal. The reasons proffered by Otis for Molnar's discharge do not withstand scrutiny. Although Otis asserted that Molnar's service routes were not properly maintained, his coworkers testified that Molnar's performance was not deficient in any way and that Molnar performed as well as any of the other mechanics. Molnar's weakness in electrical troubleshooting was not unusual and could have been corrected through training, which Otis refused to provide Molnar. Although Otis claimed that several customers complained about Molnar's work, no written complaints were received, Molnar had received a positive evaluation one year earlier, and several customers testified at trial that they had no complaints about Molnar's work. After finding that Otis fired Molnar because of his age, a jury could have rationally inferred from this evidence that Otis also acted with knowledge that, or in reckless disregard as to whether, its conduct was prohibited by the ADEA.

■ Otis next contends that the district court abused its discretion in granting Molnar's motion to amend the judgment and increasing the judgment in favor of Molnar from $75,000 to $150,000. The district court had entered judgment for Molnar in the amount of $75,000 because of a clerical error. Otis contends that the doubling of the damages award cannot be justified based on the written instructions and interrogatories given to the jury. We disagree.

The jury instruction which defined willfulness also instructed the jury that if it found that Otis' violation of the ADEA was willful, it must award Molnar liquidated damages, defined as "an additional amount equal to the lost wages and benefits you award." Otis asserts that this instruction was inconsistent with the district court's comment to the jury regarding the written interrogatory concerning willfulness.[1] The district court stated that "[i]f the line marked 'yes' is checked then that will result in damages that you put in response to question two being doubled as I explained in the instructions. You don't have to do the doubling, we do it if you answer question three 'yes.'"

The jury found that Molnar sustained $75,000 in damages as a result of Otis' decision to discharge him because of his age. The jury also found that Otis' violation of the ADEA was willful. The district court clearly informed the jury that the district court would double the damages awarded to Molnar because of this finding of willfulness. The district court's comment did not conflict with the written instruction directing the jury to award additional damages if Otis' violation was willful. This comment merely relieved

---

1. This interrogatory stated, "Do you find by a preponderance of the evidence that the decision of defendant Otis Elevators to discharge or permanently lay-off plaintiff Frank Molnar because of his age was willful?"

the jury from the clerical task of doubling these damages on the verdict form. The district court therefore did not abuse its discretion in granting Molnar's motion to amend the judgment.

██ Otis' final argument is that the district court erroneously denied its post-trial motion for leave of court to communicate with the jurors. Otis contends that the jury's deliberative process may have been disturbed on December 16, 1993 by toxic fumes which were leaking into the courthouse from an adjacent construction project. The fumes caused the courthouse to be closed while the jury was deliberating. We review the denial of Otis' motion for an abuse of discretion. *United States v. Best,* 939 F.2d 425, 429 (7th Cir.1991) (*en banc*), *cert. denied,* —— U.S. ——, 112 S.Ct. 1243, 117 L.Ed.2d 476 (1992).

██ Local General Rule 44 of the United States District Court for the Northern District of Indiana provides that no attorney may communicate with any member of the jury after the return of a verdict except on leave of court granted "upon good cause shown." *See also* Fed.R.Evid. 606(b). The district court found that the jurors, who were located in a room guarded by United States Marshals, had no communication with any person inside or outside the courthouse, and thus could not have learned of the closing of the building or the fumes. Otis has provided no evidence to the contrary. We therefore find no abuse of discretion in the district court's ruling.

For the foregoing reasons, the judgment of the district court is AFFIRMED.