129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mary L. PIRARO, Plaintiff-Appellant,
v.
William Legg, Jeffrey Simpson, and Village of Riverside,
Defendants-Appellees.
 No. 96-3583.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997*
Decided Oct. 28, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 Hon. RICHARD A. POSNER, Chief Judge
 Hon. WILLIAM J. BAUER, Circuit Judge
 Hon. TERENCE IT EVANS, Circuit Judge
 ORDER
 COAR
 
 2
 Mary Piraro sued police officers William Legg and Jeffrey Simpson and the Village of Riverside, Illinois, for violating her civil rights 42 U.S.C. § 1983. Piraro alleged that Officers Legg and Simpson committed assault and battery against her when they allegedly fractured her wrist while handcuffing her and when Officer Simpson, a male, conducted a pat-down search on her. She also alleged that the officers violated her right to be free from unreasonable search and seizure when they arrested her, fractured her wrist and failed to provide medical treatment. During the trial, the district court granted Officer Legg's motion for judgment as a matter of law on the assault and battery claim and granted the Village's motion for judgment on the Fourth Amendment claim. At the conclusion of the trial, the jury returned a verdict in favor of each of the defendants on both counts. Piraro appeals, arguing that there was insufficient evidence to support the jury's verdict and that the district court made various evidentiary errors which affected the outcome of the trial.[1] We affirm.
 
 
 3
 We recite the evidence presented at trial in the light most favorable to the verdict. Moblar v. United Tech. Otis Elevator, 37 F.3d 335, 337 (7th Cir.1994). Piraro and her neighbor, Ben Dunkley, had an on-going dispute over a common driveway. On November 18, 1993, Piraro parked her car in a manner that blocked Dunkley's access to his garage. Piraro refused to move her car, and the dispute escallated to the point where the police were called. Officers Legg and Simpson arrived and spoke to both Piraro and Dunkley. Piraro continued to refuse to move her car, so the officers arrested her for trespass. Officer Legg handcuffed Piraro, placing his thumb between her wrist and the cuff to avoid making the handcuffs too tight. The officers then drove Piraro to the police station for processing.
 
 
 4
 When they arrived at the station, Officer Simpson removed the handcuffs. He noticed that Piraro was breathing heavily and asked if she wanted medical assistance. Officer Legg, without waiting for an answer, called the paramedics, who arrived within minutes. Piraro did not complain to the paramedics about her wrists, nor did the paramedics notice anything amiss with her wrist when they took her pulse. Piraro declined to be taken to the emergency room. Officer Simpson categorically denied that he conducted a pat-down search of Piraro. He also testified that Piraro never complained about any pain in her wrists. Piraro's sister, who spoke with Piraro while Piraro was being processed and then drove her home when she was released, testified that Piraro never complained about her wrists or being subjected to a pat-down search of any kind. The jury found in favor of the defendants
 
 
 5
 On appeal, Piraro's primary claim is that there was insufficient evidence to support the jury's verdict. Our review of a sufficiency of the evidence claim is limited to the determination of whether the evidence, when viewed in the light most favorable to the winning party, is sufficient to support the verdict Pavlick v. Mifflin, 90 F.3d 205, 207 (7th Cir.1996). Here, that standard is easily met. Although, Piraro now claims that Officers Legg and Simpson lied during the trial, we will not review a jury's credibility determination on appeal.
 
 
 6
 Piraro also claims that a number of evidentiary errors occurred during trial that warrant reversal. However, Piraro's evidentiary challenges were not preserved for appeal because her counsel did not object to any of the alleged errors during the trial. See Prymer v. Ogden, 29 F.3d 1208, 1213 (7th Cir.1994). Piraro cannot rely on plain error review because, as a general rule, it does not apply to civil cases. See Knox v. State of Indiana, 93 F.3d 1327, 1333 (7th Cir.1996). Piraro makes no showing of extraordinary circumstances that would take this case out of the general rule. See Stringel v. Methodist Hosp. of Ind., 89 F.3d 415, 421 (7th Cir.1996).
 
 
 7
 Finally, Piraro asserts that her attorney accepted a bribe to throw the trial, and that her equal protection rights were violated by the officers. The equal protection claim is waived because Piraro did not make it in the district court, nor can she challenge her attorney's ethical conduct for the first time on appeal. See Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997).
 
 
 8
 For these reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Piraro's appellate brief does not set forth clearly her claims of error, the reasons therefor, citation to legal authority supporting her claims, or the part of the record she relies upon. Thus, her brief is not in compliance with Federal Rule of Appellate Procedure 28(a)(6). However, we may hold a pro se appellant's brief to a lower standard than one prepared by counsel. Hilgefiord v. Peoples Ban, 776 F.2d 176, 178 (7th Cir.1985). In this case we chose to address those argument we can identify